487 So.2d 75 (1986)
REFCO, INC., Appellant,
v.
Guillermo SARMIENTO, Appellee.
No. 85-886.
District Court of Appeal of Florida, Third District.
April 15, 1986.
Sage, Gray, Todd & Sims and Francis X. Sexton, Jr. and Gary Langan Goodenow, Miami, for appellant.
Stephen Murty, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
Refco, Inc. appeals from a final order of the trial court dissolving an order of garnishment against appellee Guillermo Sarmiento. We affirm.
The trial court, which entered the garnishment order initially, decided after a non-jury trial that the commissions earned by appellee as an account executive in a commodity brokerage firm were "wages" under section 222.11, Florida Statutes (1985). The statute states in relevant part:
No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the *76 money or other thing is due for the personal labor or services of such person.
Since appellee's position as "head of a family residing in this state" is not disputed, the only issue remaining for our consideration is whether the unpaid commissions owed to appellee were due for his "personal labor or services;" that is to say, whether appellee was an employee or an independent contractor.
Florida courts have consistently applied the tests developed by the Restatement (2d) of Agency (1958) and the common law in order to determine whether an individual is an employee or an independent contractor. Georgia-Pacific Corp. v. Charles, 479 So.2d 140 (Fla. 5th DCA 1985); Ware v. Money-Plan International, Inc., 467 So.2d 1072 (Fla. 2d DCA 1985). A plethora of cases exist which set those tests out at length. We will simply explain the factors relevant to our decision.
It is apodictic that the degree of control exercised by the company is a principal consideration in determining employment status. F & G Distributors, Inc. v. State, Department of Labor & Employment Security, 478 So.2d 891 (Fla. 3d DCA 1985); United States Telephone Co. v. State, Department of Labor & Employment Security, 410 So.2d 1002 (Fla. 3d DCA 1982). Appellee is employed in a highly regulated industry with strict compliance standards. As the company's policies and procedures manual makes clear, all of appellee's work was supervised to some extent. Thus, while appellee could solicit new accounts from his various contacts, he could not transact any business for these new clients until his supervisor gave the final approval. Appellee's supervisor had to approve, initial and date all orders executed out of accounts over which appellee had discretionary trading authority. The supervisor's approval was needed before appellee could execute an order from a "problem" account. The supervisor was responsible for the day to day supervision of all accounts supervised by the office.
Furthermore, appellee worked exclusively for Stotler & Co., in Miami, without any employment contract. The company furnished all equipment, work space, support personnel and seats on the various commodities exchanges. Stotler & Co. is a commodity brokerage firm. Appellee's job was to take orders from clients for commodity futures contracts. Taxes were withheld from appellee's earnings. Appellee's supervisor, the district resident manager of the Miami office, said appellee was an "employee." It is these factors which distinguish this case from In Re Moriarty, 27 B.R. 73 (Bankr.M.D.Fla. 1983), an opinion upon which appellant heavily relies.
Finally, as appellant noted, the purpose of the exemption statutes is to prevent the debtor and his family from becoming a public charge or an object of charity and the statutes should be liberally construed in favor of the debtor. Sokolsky v. Kuhn, 405 So.2d 975, 977 n. 1 (Fla. 1981); Killian v. Lawson, 387 So.2d 960 (Fla. 1980); Patten Package Co. v. Houser, 102 Fla. 603, 136 So. 353 (1931). Courts should carefully scrutinize situations where, as here, a writ of garnishment is asserted against a family's sole income.
Affirmed.