**In re Gregory and Georgianna MANNING, Debtors.**

**Bankruptcy No. 93–31559–BKC–RAM.**

United States Bankruptcy Court, S.D. Florida.

Jan. 24, 1994.

---

Michael Bakst, Ackerman, Bakst, Cloyd & Scherer, P.A., West Palm Beach, FL, for trustee.

Thomas D. DeCarlo, West Palm Beach, FL, for debtors.

### ORDER SUSTAINING OBJECTION TO EXEMPTION OF SALARY ACCOUNT

ROBERT A. MARK, Bankruptcy Judge.

Gregory Manning, a codebtor in this case ("Debtor"), declared $4200 in a Great Western bank account as exempt under Florida Statutes § 222.11 ("F.S. 222.11"). The Trustee objected on the grounds that the money in the account was earned by the debtor as an independent contractor, not as an employee, and was therefore not exempt. For the reasons set forth below, the Court sustains the Trustee's objection.

### FACTS

As of the filing of this Chapter 7 case, Gregory Manning's wife, Georgianna, owned 100% of the stock of Galaxy Construction Management, Inc. ("Galaxy"), a Florida corporation engaged in general contracting. Gregory Manning was president of Galaxy and was responsible for the company's day to day operations. He negotiated contracts, prepared bid sheets and specifications, and contracted with subcontractors, suppliers and materialmen.

All contracts were executed in the name of Galaxy, and all income received from the various projects was received by Galaxy. Galaxy was responsible for payment to its suppliers and subcontractors and for the purchase of materials used in the performance of the various contracts. Galaxy provided the Debtor with office space, and employed support staff. The Debtor did not receive any money directly from any contracting party.

Mr. Manning determined his own salary, whether he would receive commissions or bonuses, and theoretically, whether he would be fired. He had no written or oral employment contract with Galaxy. He used his own tools and paid his own expenses, other than gasoline. His salary was usually $600 per week. Nevertheless, if Galaxy did not have sufficient funds on hand, he would not take a paycheck for that week.

In March, 1993, Mr. Manning opened an account at Great Western Bank, into which he deposited money earned from Galaxy. On June 9, 1993, he and his wife filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. They scheduled the bank account at Great Western, which at the time of filing had a $4200 balance, as an exempt asset.

### DISCUSSION

The issue before the Court is whether the money in the bank account is exempt under F.S. 222.11, which exempts "money ... due to ... the head of a family residing in this

state ... for personal labor or services." The parties agree that Mr. Manning is the head of a family residing in this state, so the only question is whether the money in the Great Western account was due for "personal labor or services."

The 11th Circuit, in *In re Schlein,* 8 F.3d 745 (11th Cir.1993), recently held that "money due for personal labor or services" must be money earned as an employee not money received as an independent contractor. *See also, Refco, Inc. v. Sarmiento,* 487 So.2d 75 (Fla. 3d DCA 1986); *In re Montoya,* 77 B.R. 926 (Bankr.M.D.Fla.1987); *In re Moriarty,* 27 B.R. 73 (Bankr.M.D.Fla.1983); *In re Malloy,* 2 B.R. 674, (Bankr.M.D.Fla.1980).

The Florida Supreme Court, in *Magarian v. Southern Fruit Distributors,* 146 Fla. 773, 1 So.2d 858 (1941), held that while there is no absolute rule for distinguishing between an employee and an independent contractor, several factors may assist a court in making the distinction. These include the control exercised by the debtor; whether there is a contract for a fixed price for certain work; the independent nature of the business; employment of assistants with a right to supervise; obligation to furnish necessary tools and supplies; the right to control the progress of work except as to final results; and the method of payment, by time or by job.

■ After considering the relevant factors, the Court finds that the Debtor in this case was more like an independent contractor than an employee primarily because of the control he exerted over the corporation. Stated simply, Mr. Manning ran Galaxy. He determined his own salary, and whether he would receive commissions or bonuses. He had no employment contract. The Debtor used his own tools and other than gasoline, he paid his own expenses.

The Debtor argues that he was an employee because he was paid a weekly salary, and not on a "by the job" basis. However, he determined his own salary, and sometimes did not take the salary if Galaxy was running low on cash. He also argues that Galaxy provided him with office space and support personnel. While true, this did not diminish his control over the corporation. Finally, he argues that technically, he could have been

fired since he did not own Galaxy. As a practical matter, however, he was not subject to firing, since his wife was the sole owner.

■ In sum, a debtor that owns or controls a business cannot exempt the funds he distributes to himself from the business simply by calling the money "wages." For the exemption to apply, the debtor must not only perform personal services to the business, he must also receive regular compensation dictated by the terms of an arms-length employment agreement. Here, the amount and timing of the compensation was determined by the debtor and essentially constituted discretionary distributions from the family owned business. As such, the Debtor was not an employee entitled to exempt his distributions under the wage exemption.

For the foregoing reasons, it is—

ORDERED AND ADJUDGED as follows:

1. The Trustee's Objection to Exemption is sustained.

2. The Debtor shall immediately turn over to the Trustee the $4200 balance in the Great Western account.

DONE and ORDERED.