**In re Antonio R. and Nelida G. ZAMORA, Debtors.**

**Bankruptcy No. 95–10074–BKC–RAM.**

United States Bankruptcy Court, S.D. Florida.

Oct. 24, 1995.

Robert C. Furr, Trustee Furr & Cohen, P.A., Boca Raton, Florida.

Marte V. Singerman, Tabas & Singerman, Miami, Florida, for Trustee.

Carlos L. de Zayas, De Zayas, O'Naghten & Diaz, Coconut Grove, Florida, for Debtors.

## MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO EXEMPTIONS

ROBERT A. MARK, Bankruptcy Judge.

Antonio Zamora, one of the co-debtors in this Chapter 7 case, is a sole practitioner attorney who also owns and manages a small marina business. He seeks to exempt receivables from his law practice and certain money in bank accounts which were derived from either his law practice or from the operation of the marina. The Chapter 7 Trustee ("Trustee") filed a timely objection which was argued at hearing on April 7, 1995. After consideration of the record, including the posthearing memoranda, the Court concludes that the assets in question do not qualify as earnings under Fla.Stat. § 222.11. Therefore, the Trustee's objection will be sustained.

### FACTUAL BACKGROUND

Debtors, Antonio and Nelida Zamora ("Debtors"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 6, 1995 (the "Filing Date"). Mr. Zamora qualifies as "Head of Family" under Fla.Stat. § 222.11(1)(c) for the two years prior to the Filing Date. Debtor earned revenue from his law practice as a sole practitioner and from managing Virginia Key Marina, Inc., his 100% owned corporation. Debtor, at his sole discretion, owned and controlled his income from and terms of employment in both enterprises. In Schedule C filed with the petition, Debtor claimed $200 cash, $6000 due from clients for professional services rendered, unknown possible receivables in contingent fee cases, a $200 Terrabank checking account and a $2000 United National Bank checking account as exempt earnings for personal services pursuant to Fla.Stat. § 222.11.

## DISCUSSION

Section 222.11, Fla.Stat., entitled "Exemption of Wages from Garnishment" provides in relevant part as follows:

(1) As used in this section the term:

(a) "Earnings" includes compensation paid or payable, in money of a sum certain, for personal services or labor whether denominated as wages, salary, commission, or bonus.

\* \* \* \* \* \*

(2)(a) All of the disposable earnings of a head of family whose disposable earnings are less than or equal to $500 a week are exempt from attachment or garnishment.

(b) Disposable earnings of a head of a family, which are greater than $500 a week, may not be attached or garnished unless such person has agreed otherwise in writing.

\* \* \* \* \* \*

(3) Earnings that are exempt under subsection (2) and are credited or deposited in any financial institution are exempt from attachment or garnishment for 6 months after the earnings are received by the financial institution if the funds can be traced and properly identified as earnings. Commingling of earnings with other funds does not by itself defeat the ability of a head of family to trace earnings.

In a prior reported decision, *In re Manning,* 163 B.R. 380 (Bankr.S.D.Fla.1994), this Court considered whether the compensation received by a debtor from his own business could be claimed as exempt. In *Manning,* the debtor and his wife owned 100% of the stock of a general contracting corporation. As president of the company, the debtor was responsible for the company's day to day operations. The debtor did not have a written employment contract with the corporation and determined his own salary, including commissions or bonuses. The debtor opened a bank account in which he deposited money earned from his corporation.

This Court held that "a debtor that owns or controls a business cannot exempt the funds he distributes to himself from the business simply by calling the money 'wages.'" 163 B.R. at 382. "For the exemption to apply, the debtor must not only perform personal services to the business, he must also receive regular compensation dictated by the terms of an arms length employment agreement." *Id.*

█ The Debtors argue that *Manning* and the cases cited in *Manning,* including *In re Schlein,* 8 F.3d 745 (11th Cir.1993), are no longer controlling since § 222.11 was amended effective October 1, 1993. The statutory changes do not affect the result in this case. Receivables owed to the Debtor's professional practice and monies he chose to distribute to himself from his practice or from his marina business are not exempt "earnings".

The revised statute replaces the language "money or other thing due to any person ... for the personal labor or service of such person," with the term "earnings." The amended statute defines "earnings" as including "compensation paid or payable, in money or a sum certain, for personal services or labor whether denominated as wages, salary, commission, or bonus." In addition, the amended statute no longer uses the term "wages" in defining which amounts deposited in financial institutions may be claimed as exempt. Instead all "earnings" which are exempt under the statute remain exempt for 6 months after deposit into a financial institution if the funds can be traced and identified as "earnings."

The 1993 amendment expands the definition of exempt bank deposits to be coextensive with the definition of earnings. The 11th Circuit's *In re Schlein* opinion denied the debtor's exemption in part because it found the term "wages" to be more limiting than "money due for personal labor or services." 8 F.3d at 755. Thus, in analyzing claims of exempt bank accounts under the amended statute, some of the reasoning in *Schlein* may no longer be applicable.

█ Despite this change, a debtor claiming the exemption must still show that the compensation qualifies as earnings from personal services and the amended statute does not help these Debtors meet that test. The Florida legislature expressed no intent to change the state exemption law regarding the characterization of the type of income the statute protects from garnishment. Therefore prior case law defining "money or other

thing ... due ... for personal services" remains applicable under amended Florida Statute § 222.11.

 Whether under the statute before or after the 1993 amendments, this Court finds that earnings from a business controlled by a debtor are not exempt. Although many of the cases focus on whether the label "independent contractor" applies to the debtor's services, this Court finds that the relevant inquiry is whether the debtor's activities were essentially a job or whether they were in the nature of running a business.

In a recent unpublished opinion in *In re Hassan*, Case No. 94–14568, June 22, 1995, this Court did not find the label "employee" or "independent contractor" to be the deciding factor. Rather, in analyzing whether a doctor's compensation from contracts to provide services in hospital emergency rooms was exempt, the Court looked at whether the debtor had an arms length agreement to perform services that were much like a job. Concluding that the debtor doctor was functionally equivalent to an employee, the Court allowed the claim of exemption.

In this case, the Debtor is running a business, not working at a job. Debtor is the 100% owner of a corporation which he manages and an attorney in sole practice. Debtor had complete control over the amount of his compensation and the terms of his employment. Furthermore, no employment contract existed between Debtor and his legal practice or between Debtor and his corporation.

The Debtors argue that to follow *Manning* would violate equal protection by unfairly discriminating against heads of family who market their personal labor and services directly rather than through employers. The Court disagrees. There are sound reasons for the different treatment. An employee has regular earnings pursuant to an employment agreement. He or she is paid directly for personal labor or services. By contrast, this Debtor and others similarly situated who run their own businesses, have control over the timing and amount of their compensation.

Certainly, the legislature did not intend to exempt all funds a person chooses to "draw" from a business where the individual has full discretion over what expenses to pay or not pay in order to fund the draw.

In short, the Court finds its analysis in *Manning* to be controlling. Debtor's compensation from his legal practice and his corporation do not qualify as exempt earnings whether presently in the form of receivables or in cash on deposit in bank accounts.

For the foregoing reasons, it is—

ORDERED as follows:

1. The Trustee's Objections to Property Claimed as Exempt is sustained with respect to the receivables,[1] cash and checking accounts claimed to be exempt under Fla.Stat. § 222.11.

2. The Debtors shall promptly turn over the cash and receivables to the Trustee.

DONE AND ORDERED.

---

1. The exemption is denied only as to that portion of the receivables, when collected, attributable to prepetition services. Money collected from clients postpetition for postpetition services is not property of the estate under § 541(a)(6). The Trustee may request an accounting from the Debtor to determine a fair allocation of postpetition collections.