In re LEE, J. Norris & Rhay E. a/k/a Ramage, Rhay E., Debtor.

**Bankruptcy No. 94–03455–9P7.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Nov. 30, 1995.

Diane L. Jensen, Trustee, Ft. Myers, FL.

## ORDER ON TRUSTEE'S OBJECTION TO EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with due notice to all interested parties upon Objection to Claim of Exemption filed by Diane Jensen, Trustee (Trustee), who is in charge of the administration of the estate in the above-captioned Chapter 7 case. J. Norris Lee and his wife, Rhay E. Lee, (Debtors), claimed as exempt, under Fla.Stat. § 222.11, renewal commissions that J. Norris Lee (Debtor) earned as an insurance agent. The commissions in question are based on renewal premiums from insurance policies previously sold by the Debtor. The Trustee contends that these renewal commissions are not wages or earnings due for labor or personal services rendered, and, thus, do not qualify for the wage exemption accorded to a head of household under Fla.Stat. § 222.11.

The facts which are relevant and germane to the matter under consideration as determined from the record are as follows:

The Debtor is a self-employed, licensed insurance broker affiliated with the Paul Revere Insurance Company of Massachusetts (Paul Revere). He is compensated by Paul Revere on a commission basis for sales procured on the company's behalf. As such, the Debtor's compensation is not dependent on hours worked but on sales and renewals procured. Paul Revere withholds social security and taxes from these commission payments.

Apparently, the Debtor began selling Paul Revere insurance as a "captive agent", i.e. selling only Paul Revere policies. It is unclear from the record at what point the Debtor became a broker, and whether the renewal commissions at issue were generated by poli-cies the Debtor sold as a captive agent, or as an independent broker, or a combination of the two. In order to secure the renewals of policies previously sold, the Debtor maintains some level of contact with the policy owners, an activity which the Debtor characterizes as "servicing the contracts." However, the extent to which the Debtor services the insurance contracts beyond what is minimally required to secure the renewals, and whether renewals are typically automatic, is unclear.

On April 11, 1994, the Debtor and his wife filed their Petition for Relief under Chapter 7 of the Bankruptcy Code. On October 19, 1994, the Debtors filed their Third Amended Schedule C in which they claimed, for the first time, that the renewal commissions were exempt under Fla.Stat. § 222.11. On October 21, 1994, the Trustee timely filed an Objection to the Debtor's claim of exemption on the basis that the renewal commissions claimed as exempt are not within the exemption of Fla.Stat. § 222.11.

Fla.Stat. § 222.11 provides an exemption from attachment or garnishment for earnings of a head of family that are compensation for labor or services. The Legislature amended this Statute in 1993 and clarified the term "earnings" for the purposes of the wage exemption accorded to the head of household and now includes compensation for personal services or labor *whether labeled as wages, salary, bonus, or commissions.* The amendment also expands the scope of the exemption to earnings which are credited or deposited in any financial institution within 6 months after the earnings are received by the financial institution, *if the funds can be traced and properly identified as earnings.* Fla.Stat. § 222.11(3). *See In re Zamora,* 187 B.R. 783 (Bankr.S.D.Fla.1995). Thus, prior cases which held that the exemption applied more narrowly to bank accounts than earnings because of the pre-amendment language[1] may no longer be controlling. *See, e.g., In re Schlein,* 8 F.3d 745 (11th Cir.1993).

However, the legislature did not alter the substantive requirement that exempt earnings must be in the nature of compensation

---

1. Prior to the amendment, § 222.11 exempted "money due for personal labor and services," as compared to "wages" deposited in any bank account. Fla.Stat. § 222.11 (1991).

for labor or personal services. Thus, with regard to earnings as opposed to bank accounts, *In re Schlein* is still controlling with regard to its holding that the exemptions do not extend to earnings of an independent contractor. *Zamora* at 784–85. Therefore, the potential anomaly of the amendment applying to only those debts incurred after the effective date of the statute will not affect the resolution of this matter.[2]

The record, as it stands, is insufficient for this Court to determine whether the Debtor earned the subject commissions as an independent contractor or as compensation for labor or personal services. Therefore, this matter will be scheduled for final evidentiary hearing.

DONE AND ORDERED.

---

**2.** "This act applies only to an attachment, a garnishment, or other legal process that arises as result of a contract, a loan, a transaction, a purchase, a sale, a transfer, or a conversion occurring on or after October 1, 1993." Laws 1993, ch. 93–256, § 6. *See also, In re Porter,* 182 B.R. 53 (Bankr.M.D.Fla.1994).