**In re J. Norris LEE, and Rhay E. Lee, a/k/a Rhay E. Ramage, Debtors.**

**Bankruptcy No. 94–03455–9P7.**

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Sept. 24, 1996.

J. Norris Lee and Rhay E. Lee, Rotunda West, FL, Pro se.

Diane L. Jensen, Trustee, Fort Myers, FL.

### ORDER ON TRUSTEE'S OBJECTION TO CLAIM

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 case, and the matter under consideration is the Objection to Claim of Exemption by Diane Jensen (Trustee), and an Answer filed by J. Norris Lee and his wife Rhay E. Lee (Debtors). The exemption claimed by the Debtors involves commissions on renewals of life insurance policies sold by Mr. Lee prior to the commencement of the Case. The Trustee claims that the commissions under consideration are payment to the Debtor as an independent contractor and not as wages paid to an employee, and thus do not qualify for the wage exemption allowed a head of household pursuant to Fla.Stat. 222.11.

Following a hearing on the Trustee's Objection, this Court entered an Order on Trustee's Objection to Exemption, dated November 30, 1995, which detailed the relevant facts and legal principles involved and set the matter for final evidentiary hearing. In the Order, this Court specifically found that the Debtor earned renewal commissions based on insurance policies sold by him prepetition, when the policies were renewed by the policyholder. The policies in question were sold on behalf of Paul Revere, Jackson National and possibly some others. In light of the fact that this Court was not satisfied that there was sufficient evidence to find and conclude whether the renewal commissions were earned by the Debtor as an independent contractor or as an individual for personal services and labor rendered by him,

this Court rescheduled a final evidentiary hearing to consider this limited issue.

It appears from the record established at the rescheduled final evidentiary hearing that the renewal commissions paid to the Debtor by the insurance companies were paid automatically upon renewal of the policies sold by the Debtor. It is equally true that his right to the renewal commissions was not a vested right and was not guaranteed by the insurance companies involved. There is no evidence in this record which would warrant the finding that the Debtor was required by his contract to perform any additional substantial services in connection with the insurance policies involved. And it is fair to assume that as long as he continued to sell policies on behalf of the insurance companies involved, the Debtor continued to receive the renewal commissions. Most importantly, it is without any serious question that the Debtor operated his insurance agency as an independent businessman and not as an employee of the insurance companies. He was free to make his own business decisions, his time was his own, and he was free to devote as much or as little time to act as selling agent for the insurance companies. He was solely responsible for all expenses incurred in connection with the operation of his insurance business. The foregoing leads to only one conclusion, which is that the renewal commissions under scrutiny were earned by the Debtor as an independent contractor.

Be that as it may, the ultimate question remains whether or not the earnings of an independent contractor is within the scope of the exemption granted by Fla.Stat. § 222.11. The lone Florida Supreme Court decision dealing with this problem was in the case of *Patten Package Co. v. Houser*, 102 Fla. 603, 136 So. 353 (1931), in which Florida's Supreme Court applied the predecessor of § 222.11, which was Com.Gen.Laws § 5792 (1927).

The Bankruptcy Courts in Florida were not unanimous in interpreting the holding of *Patten Package*, thus in *In re Montoya*, 77 B.R. 926, 928 (Bankr.M.D.Fla.1987) the Court held that "The payment of wages to an employee are exempt under § 222.11 where-

as compensation to an independent contractor is not." On the other hand, in the case of *In re Glickman*, 126 B.R. 124, 126–27 (Bankr.M.D.Fla.1991), the Court arrived at the contrary conclusion noting that the Statute did not limit its operation to employees.

The question was subsequently presented for consideration by the Eleventh Circuit Court of Appeals in the case of *In re Schlein*, 8 F.3d 745 (11th Cir.1993). In *Schlein*, the Court agreed with the conclusion reached in *Montoya* and concluded that the Statute does not cover exempt earnings of an independent contractor. In support of its conclusion the *Schlein* Court, cited the case of *Refco, Inc. v. Sarmiento*, 487 So.2d 75 (Fla. 3d DCA 1986) in which the District Court of Appeals considered the applicability of § 222.11 to commissions which were earned by the Debtor as a commodities brokerage account executive. While the Court in *Refco* ruled in favor of the Debtor concluding that he was an employee for the purposes of Fla.Stat. § 222.11, the Court pointed out that the ultimate question was whether or not the employee was an employee or an independent contractor. As an additional support for this conclusion, the *Schlein* Court also relied on the 1985 amendment to § 222.11 which amendment extended the protection of the Statute to include

> "wages deposited in any bank account" so long as those funds "can be traced and properly identified as wages." In drafting this amendment, the legislature chose to use the term "wages" rather than the broader language about money "due for personal labor or services," which has been in the statute since before the time of the *Patten* decision.

The two Bankruptcy Courts who considered the same issue also concluded that earnings by an independent contractor are not within the provisions provided for by the Statute and barred the earnings of independent contractors from exemption under § 222.11. *In re Moriarty*, 27 B.R. 73, 74 (Bankr.M.D.Fla. 1983); *In re Malloy*, 2 B.R. 674, 676 (Bankr. M.D.Fla.1980).

More recently, in *In re Porter*, 182 B.R. 53, 56 (Bankr.M.D.Fla.1994), Judge Briskman adopted the *Schlein* reasoning in holding that insurance renewal commissions

earned by an insurance agent/debtor who acted as an independent contractor did not qualify for the wage exemption allowed by § 222.11.

Applying the foregoing legal principles to the facts as established by the final evidentiary hearing, this Court is satisfied that the Debtor was not an employee of either Paul Revere or Jackson National Life, or any other insurance company, during the relevant time; that he operated his insurance brokerage business as an independent business man, i.e., an independent contractor. And for this reason the commissions earned by him for the same or the renewal of insurance policies are not within the protection accorded by Florida Statute § 222.11.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to the Debtors' Claim of Exemptions be, and the same is, hereby sustained and the renewal commissions are not subject to the exemption allowed by Section 222.11, Florida Statutes, and are subject to administration by the Trustee.

DONE AND ORDERED.