### In re Bill E. BRANSCUM, Deanna L. Branscum, Debtor.

### Bankruptcy No. 98–14349–9P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 4, 1999.

---

der consideration are not "wages" but earnings from an independent contractor's accounts receivable, thus not within the wage exemption Statute.

Florida Statute § 222.11, entitled Exemption of Wages From Garnishment, provides in pertinent part:

> (1) As used in this section, the term (a) "Earnings" includes compensation paid or payable, in money or a sum certain, for personal services or labor, whether denominated as wages, salary, commission, or bonus.

It is the Trustee's position that respectable authorities construing this Statute hold that the exemption provided by the Statute is not available to independent contractors or individuals engaged in business as sole proprietors. Rather, the exemption is available only to individuals whose earnings are derived from wages, salaries or commission.

 Federal Rule of Bankruptcy Procedure 4003(c) expressly provides that the objecting party has the burden of proving that the exemptions are not properly claimed. However, once the objector makes a prima facie case that the exemption is not properly claimed, the burden shifts to the debtor who has the ultimate burden of persuasion to establish that the property was properly claimed as exempt. *See In re Wilbur,* 206 B.R. 1002 (Bankr.M.D.Fla.1997).

The seminal case on this issue of whether the Statute applies to earnings of independent contractors is *Patten Package Co. v. Houser,* 102 Fla. 603, 136 So. 353 (Fla.1931). In *Patten,* the Supreme Court of Florida held that the predecessor to Fla. Stat. § 222.11 could not be construed to extend to include monies earned by an independent contractor. Bankruptcy courts in Florida which have considered *Patten* have reached different conclusions. *See e.g. In re Montoya,* 77 B.R. 926 (Bankr.M.D.Fla.1987)(Payment of employee wages are exempt under Section 222.11, whereas independent contractor compensation is not); *Matter of Glickman,* 126 B.R. 124 (Bankr.M.D.Fla.1991)(Nothing in Statute limits its application to employees).

Louis X. Amato, Naples, FL, for Debtor.

Diane L. Jensen, Fort Myers, FL, Trustee.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is the Trustee for the Debtor's estate, Diane Jensen's Objection to an exemption claim of Bill E. Branscum (Debtor). The property claimed as exempt are monies which the Debtor earned as a private investigator under the fictitious trade name of Oracle International, P.A. The claim of exemption is based on *Fla. Stat.* § 222.11, the wage exemption Statute. It is the Trustee's contention that the monies un-

In support of its position, the Trustee cites the case of *In re Schlein,* 8 F.3d 745 (11th Cir.1993). In *Schlein,* the debtor, a physician, claimed as exempt funds in his bank account which were earned by him as an independent contractor. The debtor argued that the Eleventh Circuit should not follow *Patten* because *Patten's* reference that the debtor was an independent contractor was dicta and not determinative of the case. The Eleventh Circuit rejected the debtor's argument and held that monies paid to an independent contractor are not within the scope of the exemption provided by *Fla. Stat.* § 222.11. Relying on *Refco Inc. v. Sarmiento,* 487 So.2d 75 (Fla. 3rd DCA 1986), which involved a claim of exemption of commissions earned by a commodities brokerage account executive, the Eleventh Circuit specifically considered the issue of whether the claimant was an employee or an independent contractor. The Eleventh Circuit emphasized that the 1985 amendment to the Statute added a third sentence extending the exemption to "wages deposited in a bank account," but did not use the broader language of the Statute "due for personal labor or services."

Until recently, the *Schlein* treatment of this issue by several bankruptcy courts was nearly uniform, with all courts concluding that the monies earned by an independent contractor are not within the exemption provided by *Fla. Stat.* § 222.11 *See e.g. In re Zamora,* 187 B.R. 783 (Bankr.S.D.Fla.1995) (fees earned by an attorney); *In re Manning,* 163 B.R. 380 (Bankr.S.D.Fla.1994) (monies earned by the debtor from his own business were not exempt); *In re Harrison,* 216 B.R. 451 (Bankr.S.D.Fla.1997) (deferred compensation paid to debtor upon dissolution of professional medical association held not exempt as "wages."); *In re Lee,* 204 B.R. 78 (Bankr.M.D.Fla.1996)(debtor's commissions earned as an insurance agent, were not exempt); but see *In re Pettit,* 224 B.R. 834 (Bankr.M.D.Fla.1998)(Judge Funk)(debtor's compensation as independent contractor was exempt under Section 222.11, rejecting *Patten, supra* and *Schlein. supra.*)

█ Having reviewed the applicable case law, this Court is satisfied that *Schlein* represents the controlling law on the issue.

Thus, the Debtor's claim of exemption of the monies paid to him as a private investigator for his services are not within the exemption provided by *Fla. Stat.* § 222.11.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection to the Claim of exemption of the Debtor Bill E. Branscum be and the same is hereby sustained. The Debtor's claim of exemption is hereby disallowed.

DONE AND ORDERED.