SHEVIN, J.
Edward C. Vining, Jr., appeals an order dissolving a writ of garnishment on Howard I. Segal’s four accounts with Commercial Bank of Florida. Segal moved to dissolve the writ, asserting that under section 222.11, Florida Statutes (1997), the funds were exempt from garnishment as “wages.” We reverse.
Under section 222.11(2), the determination of whether Segal’s accounts are exempt from garnishment hinges on whether the account monies represent Segal’s “earnings” for his “personal services or labor.” § 222.11(l)(a), Fla. Stat. (1997). See Patten Package Co. v. Houser, 102 Fla. 603, 136 So. 353 (1931); Refco, Inc. v. Sarmiento, 487 So.2d 75 (Fla. 3d DCA 1986). Segal testified that the four accounts in question hold the proceeds from his dental practice. Segal operates two offices as a sole proprietorship. Segal uses these accounts to pay taxes, payroll, insurance, and expenses— both personal and business. Segal testified that he did not pay himself a wage or a salary. Segal does not work for anyone else; in fact, on occasion, he has another dentist perform work at his office on a part-time basis. Based on this testimony, the court erred in concluding that the garnishment exemption applied.
In this case, as in Patten, 102 Fla. at 610, 136 So. at 356, an indeterminable part of the account funds was received for Se-gal’s personal services, but another indeterminable part represents payments for other charges normally imposed for professional services. Following the court’s conclusion in Patten, we hold that the accounts are not exempt. See also Amedas, Inc. v. Brown, 505 So.2d 1091 (Fla. 2d DCA 1987); Refco, 487 So.2d at 76. The proceeds of Segal’s dental practice, deposited into the subject accounts, are not “wages” or “salary” that the patients remit to Segal and do not qualify for the exemption. See also France v. Ross, 165 So.2d 780, 781 (Fla. 3d DCA 1964)(sums charged by professional firms for services “does not convert those services into wages.”); accord In re Harrison, 216 B.R. 451 (S.D.Fla.1997); In re Zamora, 187 B.R. 783 (S.D.Fla.1995); In re Manning, 163 B.R. 380 (S.D.Fla.1994).
Based on the foregoing reasoning, we reverse the order dissolving the garnishment writ and remand with instructions to the court to order the replacement of the funds into the subject accounts.
Reversed and remanded with instructions.