PER CURIAM.
Edward C. Vining, Jr., appeals a final judgment in one garnishment proceeding and interlocutory orders in another. We affirm the final judgment and dismiss the appeal as to the interlocutory orders.
*366 I.
Appellee Eva Martyn obtained a judgment against Vining, which has not been satisfied. Martyn determined that in other litigation Vining obtained two judgments against Frank J. Pepper, Jr., and other defendants (collectively “Pepper”). Pepper had not paid Vining the judgment amount, which was approximately $86,000.
Martyn served writs of garnishment on Pepper, seeking to collect the $86,000 which Pepper owed to Vining. Vining filed an affidavit for exemption from garnishment under section 222.12, Florida Statutes (2000), asserting that the judgment was due for his personal labor and services, and that he is the head of a Florida family. Martyn’s attorney filed a sworn denial, denying that Vining was entitled to the exemption.
Pepper interpled the judgment amounts into the registry of the court. The trial court ruled that Martyn is entitled to the money. Vining has appealed.
We conclude that the judgment must be affirmed. We reject Vining’s argument that the sworn denial of exemption was untimely. Under the statute, time is calculated from “the service of said notice,” id., and when so calculated, is timely.
On the merits, the funds at issue here were proceeds of Vining’s law practice. We agree with the trial court that the funds do not qualify for the statutory exemption. See In re: Zamora, 187 B.R. 783 (Bankr.S.D.Fla.1995); Patten Package Co. v. Houser, 102 Fla. 603, 136 So. 353 (1931); Vining v. Segal, 731 So.2d 826 (Fla. 3d DCA 1999); Refco, Inc. v. Sarmiento, 487 So.2d 75 (Fla. 3d DCA 1986).
Vining also argues that the oath was insufficient to support the opposition affidavit filed by Martyn’s counsel. In absence of a transcript, we have been unable to determine whether this argument was timely called to the trial court’s attention, and if so, what arguments were made for and against. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979).*
II.
Vining was sued in separate litigation by a former client, Mary Alice Poe, alleging legal malpractice, breach of contract, and other claims. Vining filed a counterclaim.
Martyn filed a writ of garnishment, seeking to reach any affirmative recovery that Vining might obtain because of his counterclaim in the Poe litigation. Vining filed motions to dismiss, dissolve, and discharge the writ of garnishment. The trial court denied Vining’s motions, and Vining has appealed.
As the trial court’s rulings on these motions are interlocutory, non-appealable orders, we dismiss the appeal as to the Poe garnishment, and decline to entertain the appeal as a petition for writ of certiorari.
Affirmed as to Pepper garnishment; appeal dismissed as to Poe garnishment.

 It appears that Vining did not raise this issue until after the trial court had already entered partial summary judgment in favor of Martyn, reserving only a single issue for decision (whether the opposition affidavit of Martyn’s counsel had been timely served). It thus appears that the issue of sufficiency of the oath was untimely raised.