PER CURIAM.
 

 This appeal stems from an unpaid personal judgment obtained by J. Stuart Baker (“Creditor”) against Howard I. Storfer (“Debtor”). Creditor sought to collect the judgment by garnishing Debtor’s wages. Creditor filed a motion for a continuing writ of garnishment, pursuant to section 77.0305, Florida Statutes (2009). Garnishee, Debtor’s employer, objected to the writ, contending that Debtor was paid by commissions and that commissions were not “salary or wages” as envisioned by section 77.0305. The trial court agreed, reasoning that Debtor, as a commissioned employee, did not have income that was
 
 *653
 
 subject to garnishment. We disagree and reverse.
 

 Whether commissions are considered “salary or wages” under section 77.0305 is a question of statutory interpretation that is reviewed de novo.
 
 See Arnold, Matheny & Eagan, P.A. v. First Am. Holdings, Inc.,
 
 982 So.2d 628, 632 (Fla.2008). Section 77.0305 provides that:
 

 Notwithstanding any other provision of this chapter, if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor’s employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order.
 

 The terms “salary” and “wage” have not been specifically defined within the garnishment statutes. However, “ ‘[w]ords of common usage, when employed in a statute, should be construed in their plain and ordinary sense.’ ”
 
 Brock v. Westport Recovery Corp.,
 
 832 So.2d 209, 213 (Fla. 4th DCA 2002) (quoting
 
 Zuckerman v. Alter,
 
 615 So.2d 661, 663 (Fla.1993)).
 

 “Wages” is a broad term that encompasses all types of payments made for labor or services. In Black’s Law Dictionary, “wage” is defined as “[p]ayment for labor or services, usu. based on time worked or quantity produced; specif., compensation of an employee based on time worked or output of production. Wages include every form of remuneration ... including ... commissions.” BlacK’s Law Dictionary 1610 (8th ed. 2004). Debtor cites
 
 Brock
 
 and
 
 Cadle Co. v. G & G Associates,
 
 737 So.2d 1136 (Fla. 4th DCA 1999), for the proposition that commissions are not “salary or wages.” A review of those cases shows that “commissions” were simply not at issue.
 
 Brock
 
 dealt with “discretionary distributions from a family-owned business” while
 
 Cadle Co.
 
 addressed “draws, expense reimbursement, and capital account disbursements.”
 
 Brock,
 
 832 So.2d at 212;
 
 Cadle Co.,
 
 737 So.2d at 1140.
 

 Courts have held, in other contexts, that the term “wages” includes commissions. For example, in the unemployment compensation context, “wages” include “all remuneration for employment, including commissions, bonuses, back pay awards, and the cash value of all remuneration paid in any medium other than cash.” § 443.1217(1), Fla. Stat. (2009). Similarly, in awarding attorney’s fees in actions for “unpaid wages,” the term “unpaid wages” includes unpaid commissions. § 448.08, Fla. Stat. (2009);
 
 Gulf Solar, Inc. v. Westfall,
 
 447 So.2d 363, 367 (Fla. 2d DCA 1984) (holding that commissions are wages within the meaning of section 448.08);
 
 Langford v. Paravant, Inc.,
 
 48 So.3d 75, 76 (Fla. 5th DCA 2010) (same). We find the above holdings persuasive in this case. As such, we hold that commissions are “wages,” for purposes of section 77.0305 of the garnishment statutes, and reverse the trial court’s order.
 

 Reversed and remanded.
 

 GROSS, C.J., STEVENSON and TAYLOR, JJ., concur.