[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11693
Non-Argument Calendar
_____

D.C. Docket Nos. 1:14-cv-21049-JAL; 11-bkc-34669-LMI

In re: DONALD ALAN TOBKIN,

Debtor.
_____

DONALD ALAN TOBKIN,

Plaintiff-Appellant,

versus

JACQUELINE CALDERIN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 16, 2015)

Before WILSON, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Pro se debtor Donald Alan Tobkin (Debtor) seeks reversal of the bankruptcy court order requiring him to turn over certain funds to trustee Jacqueline Calderin (Trustee). Debtor asserts the order should be reversed because: (1) the funds at issue are "earnings" under Fla. Stat. § 222.11 and, therefore, are exempt from turnover to Trustee; and (2) Trustee failed to properly object to Debtor's exemption of the funds. Debtor also avers the bankruptcy court abused its discretion in denying his motion to alter or amend. We hold that the funds are not "earnings" under Fla. Stat. § 222.11 and res judicata precludes us from considering whether Trustee properly objected to Debtor's exemption. Further, we hold that the bankruptcy court did not abuse its discretion in denying Debtor's motion to alter or amend. Accordingly, we affirm.

## I.    BACKGROUND

Debtor is an attorney who, at relevant times, operated a law practice as a solo practitioner. He filed a Chapter 13 bankruptcy petition, listing contingency fees he expected to receive from several cases as exempt from turnover. Debtor received some of the fees (the funds) shortly after filing his petition. The Chapter 13 trustee timely filed objections to Debtor's exemption. Subsequently, the

2

bankruptcy court converted Debtor's petition to a Chapter 7 petition and appointed Calderin as the new trustee.

Following the Chapter 7 conversion, Debtor filed a motion to deem the funds exempt "earnings" under Fla. Stat. § 222.11.  The bankruptcy court denied the motion and Debtor appealed to the district court.  Debtor argued that Trustee waived her objections to his exemption by failing to timely object and not sufficiently pleading her objections.  Debtor claimed this failure required the bankruptcy court to grant his motion.  The district court rejected Debtor's arguments and upheld the order.  Debtor filed a notice of appeal, but this court dismissed the appeal for want of prosecution.

Ultimately, the bankruptcy court determined that the funds are not exempt under Fla. Stat. § 222.11 and ordered turnover of a portion of the funds to Trustee. Debtor sought relief from this order via a motion to alter or amend.  However, the motion was limited to factual allegations and arguments that Debtor averred prior to the bankruptcy court's order.  Accordingly, the bankruptcy court denied the motion.  Debtor then appealed the bankruptcy court's "turnover" order and denial of his motion to alter or amend.  The district court again affirmed the bankruptcy court.  This appeal followed.

3

## II.    DISCUSSION

A. <u>The Funds Are Not Exempt Under Fla. Stat. § 222.11.</u>

Whether the funds are exempt as "earnings" under Fla. Stat. § 222.11 is a question of law that we review de novo.  *See In re Valone*, 784 F.3d 1398, 1402 (11th Cir. 2015).  When interpreting a state statute, such as Fla. Stat. § 222.11, "we look to the decisions of the state's courts."  *See In re Schlein*, 8 F.3d 745, 754 (11th Cir. 1993).

Fla. Stat. § 222.11 defines "earnings" as "compensation paid or payable, in money of a sum certain, for personal services or labor whether denominated as wages, salary, commission, or bonus."  Fla. Stat. § 222.11(1)(a).  Florida courts have held that proceeds from a debtor's business, including a law practice, do not constitute "earnings."  *See Brock v. Westport Recovery Corp.*, 832 So. 2d 209, 212 (Fla. Dist. Ct. App. 2002) (affirming trial court ruling that the "earnings" exemption does not apply to proceeds from a family-owned business); *Vining v. Martyn*, 858 So. 2d 365, 366 (Fla. Dist. Ct. App. 2003) (per curiam) ("[T]he funds at issue here were proceeds of [the debtor's] law practice.  We agree with the trial court that the funds do not qualify for the statutory exemption."); *Vining v. Segal*, 731 So. 2d 826, 827 (Fla. Dist. Ct. App. 1999) (holding that proceeds from a

4

debtor's dental practice are not exempt under Fla. Stat. § 222.11).[1]  Federal courts interpreting Fla. Stat. § 222.11 have held the same.  *In re Zamora*, 187 B.R. 783, 785 (Bankr. S.D. Fla. 1995) ("Debtor's compensation from his legal practice and his corporation do not qualify as exempt earnings . . . ."); *In re McDermott*, 425 B.R. 848, 851 (Bankr. M.D. Fla. 2010) ("A debtor who owns and runs his own business . . . cannot rely on [Fla. Stat. §] 222.11  to exempt" his compensation.), *aff'd*, No. 6:10-CV-890-ORL-31 (M.D. Fla. Feb. 24, 2011).  However, if the debtor has an "arms-length employment agreement" with his business providing for a set salary or wages, the "earnings" exemption applies.  *See Brock*, 832 So. 2d at 212.

Here, the funds at issue are proceeds from Debtor's law practice.  Moreover, the funds are not derived from any "arms-length employment agreement" between Debtor and his business.[2]  Therefore, we find that the funds are not exempt "earnings" under Fla. Stat. § 222.11.  *See Brock*, 832 So. 2d at 212; *In re Zamora*, 187 B.R. at 785.

---

[1] The Florida Supreme Court has yet to address whether proceeds from a debtor's business are exempt earnings under Fla. Stat. § 222.11.  Thus, the state's appellate court decisions are controlling.

[2] Debtor argues he received the funds pursuant to an "arms-length employment agreement" because the funds resulted from a contingency fee agreement he had with a client. But, such an agreement generates proceeds for a law practice as opposed to a set employee salary or wage.  *See In re Zamora*, 187 B.R. at 783, 785 (holding solo practitioner's contingency fees were not exempt under Fla. Stat. § 222.11).

B. <u>Res Judicata Applies to Debtor's Claim Regarding Trustee's Objections.</u>

Under the doctrine of res judicata, a claim is barred by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).  All of these requirements are met with respect to Debtor's claim that Trustee's objections were improper. First, this court dismissed—for want of prosecution—Debtor's appeal of the district court decision holding that Trustee's objections were proper.  The dismissal was an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b); *Bierman v. Tampa Elec. Co.*, 604 F.2d 929, 930 (5th Cir. 1979) (per curiam).[3]  Second, there is no dispute that this court had jurisdiction to dismiss the appeal.  Finally, the same parties and cause of action were involved in the appeal.  Therefore, Debtor's claim that Trustee's objections were improper is barred.

C. <u>The Bankruptcy Court Did Not Abuse its Discretion in Denying Debtor's Motion to Alter or Amend.</u>

We review a denial of a motion to alter or amend for abuse of discretion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam).  A motion to alter or amend may only be granted if the movant presents "newly-discovered

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

evidence" or shows "manifest errors of law or fact." *See In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999).  Such a motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).  Debtor's motion to alter or amend did not rely on any newly-discovered evidence.  In addition, the motion did not present a manifest error of law or fact.  Instead, the motion repeated the same facts and arguments that debtor averred prior to the entry of judgment.  Thus, the bankruptcy court properly denied the motion.

For the foregoing reasons, we affirm.

**AFFIRMED.**