HORTON, Chief Judge.
This was an appeal from a final judgment in a landlord-tenant proceeding, in which the appellee was successful in obtaining a judgment of possession against the appellant of certain real property.
The appellee has moved to dismiss the appeal in this court upon the ground that the appellant has failed to comply with subsection (1) of § 83.27, Fla.Stat., F.S.A. The pertinent portion of subsection (1) of § 83.27, supra, reads as follows:
“Before such appeal shall be granted, the party appealing shall make oath in writing before said judge that said appeal is taken in good faith, and not for delay, and shall * * * pay all costs incurred in the trial before said judge and in the taking of said appeal.” [Emphasis supplied]
Briefs were filed by the respective parties in support of and in opposition to the motion to dismiss and the court heard oral argument on said motion.
The appellee contends that the appellant has failed to comply with that' portion of § 83.27, supra, quoted above, in that a person other than the appellant filed an affidavit sworn to before a notary public, and that such did not constitute a compliance with the statute. The appellant, on the other hand, contends first, that the portion of the statute in question has been repealed by a series of subsequent legislative acts and/or rules of procedure prescribed by the Supreme .Court of Florida pursuant to its inherent or constitutional authority, and secondly, that even if the statute has not been repealed, the affidavit required by the statute to be made could be made by the party or his attorney before a notary public and not in the presence of the judge who heard the cause in the trial court. Additionally, the appellant argues that if the statute is to be construed as written, then it would be unconstitutional as contravening § 12 of the Declaration of Rights of the Florida Constitution, F.S.A., and the 14th *66 Amendment to the United States Constitution.
We have carefully considered the briefs of the respective parties, together with the oral arguments, and conclude that the motion should he granted.
This court has heretofore, in the case of Placid York Co., Inc. v. Calvert Hotel Company, Fla.App.1959, 109 So.2d 604, concluded that § 83.27, supra, governed appeals in landlord-tenant cases and that although the provisions of such statute may be harsh in their application, nevertheless, we concluded that the remedy lies with the legislature rather than the courts. Likewise, in this instance, where a specific statutory requirement leaves little, if any, area of doubt as to the legislative intent, a contrary construction of such statute would amount to no less than legislation under the guise of judicial fiat. If the legislature had intended that the affidavit could be made by any person before any officer authorized to administer oaths, we believe that they would not have chosen the restrictive language used in this statute.
Accordingly, the motion to dismiss is granted and the appeal is dismissed.
CARROLL, CHAS., J., concurs.
PEARSON, J., dissents.