283 So.2d 570 (1973)
FLORIDA POWER & LIGHT COMPANY, Appellant,
v.
CRABTREE CONSTRUCTION CO., INC., a Florida Corporation, and T.D. McClure, Jr., Co., Inc., a Corporation, Appellees.
No. 72-1224.
District Court of Appeal of Florida, Fourth District.
October 12, 1973.
*571 James H. Sweeny, III, and Charles A. Citrin, of McCarthy, Steel, Hector & Davis, Miami, for appellant.
Jack Ackerman, of Johnson, Ackerman & Bakst, West Palm Beach, for appellee Crabtree Construction Co., Inc.
CROSS, Judge.
This is an appeal from a final judgment entered against a garnishee. We reverse.
The plaintiff, Crabtree Construction Co., Inc., filed suit on an alleged debt of $7,385.56 owed to the plaintiff by the defendant, T.D. McClure, Jr., Co., Inc. A writ of garnishment was issued and served on Florida Power & Light Company. The basis of the garnishment proceedings was that the plaintiff believed that the garnishee, Florida Power & Light Company, had in its possession or control goods, monies, chattels, or effects belonging to the defendant, T.D. McClure, Jr., Co., Inc.
By answer to the writ of garnishment, Florida Power & Light Company admitted that it (the garnishee) was indebted to the defendant and noted that the debt was in the nature of an unliquidated amount in excess of the amount set forth in the plaintiff's writ of garnishment. In its answer the garnishee set forth that it was reserving the right to amend its answer at such time as the garnishee was able to ascertain the exact amount of its indebtedness to the defendant.
When a default was entered against the defendant in this cause, the plaintiff filed a motion for final judgment against the garnishee. Shortly thereafter the garnishee, pursuant to the reservation contained in its initial answer, filed an amended answer denying any indebtedness to the defendant. The garnishee's amended answer alleged that subsequent to the filing of its initial answer, the defendant breached numerous construction contracts between the defendant and the garnishee and that the damages to the garnishee resulting from these contract violations exceeded the amount of money that the garnishee owed to the defendant. At a hearing held on plaintiff's motion for judgment against the garnishee, question was raised by the plaintiff as to the propriety under the 1967 Fla. RCP, as amended, of the garnishee's reservation in its original answer of the right to amend its answer and of *572 the garnishee's filing of the amended answer pursuant to the reservation. The garnishee then moved ore tenus for leave to file an amended answer to the writ of garnishment. This motion was denied. Final judgment was then entered against the garnishee and defendant, T.D. McClure, Jr., Co., Inc., in the amount of $7,385.56. This appeal followed.
The garnishee's primary contention is that the trial court abused its discretion in denying the garnishee's motion ore tenus for leave to file its amended answer. Rule 1.190, Fla. RCP (1967), 30 F.S.A. provides:
"Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party and leave shall be given freely when justice so requires.

......
"(e) Amendments Generally. At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading... ."
Our research has failed to reveal any Florida case law specifically relating to amendments to an answer to a writ of garnishment. In other jurisdictions, however, it appears well settled that a court in its discretion may permit the garnishee to amend its answer to a writ of garnishment.
Garnishment was unknown to the common law and exists only by statutory mandate. Therefore, the provisions of a garnishment statute must be strictly adhered to. Florida's garnishment statute, ch. 77, Florida Statutes 1967, F.S.A., is silent on the question of whether a garnishee may amend an answer to a writ of garnishment. However, in view of Florida's policy of liberally allowing amendments to pleadings in furtherance of justice set forth by Rule 1.190, Fla. RCP (1967) and the general status of the case law in other jurisdictions, we conclude that the garnishee should be allowed at the discretion of the trial court to amend an answer to a writ of garnishment where justice so requires. The trial court's decision in permitting or refusing to permit such an amendment will not be disturbed on appeal unless there has been an abuse of discretion.
In the case at bar, the garnishee admitted in its original answer to the writ of garnishment that it was in debt to the defendant on several contracts for services that the defendant had agreed to perform. The garnishee was uncertain of the exact amount of its indebtedness on the contracts with the defendant and reserved the right in its answer to amend said answer at the time that the amount of the debt could be ascertained. After the defendant breached the contracts with the garnishee, the garnishee filed an amended answer claiming that it (the garnishee) no longer owed any money to the defendant and in fact, the damages to the garnishee from the defendant's breach of the contract exceeded the amount of money that the garnishee owed the defendant on the contract. When it became apparent to the garnishee at the hearing on the plaintiff's motion for judgment against the garnishee that the garnishee's amended answer did not comply with Fla. RCP, the garnishee moved ore tenus for leave to amend its answer. Leave to amend was denied by the trial court.
From the record there is absolutely no indication that the plaintiff would have been prejudiced by a decision of the trial court to allow the garnishee to amend its answer to the writ of garnishment. At the time of the garnishee's oral motion for leave to amend the answer, the plaintiff had not expended any time or money in the preparation for or conduct of a trial *573 other than filing the initial pleadings and making a motion for final judgment. The garnishee, on the other hand, was grossly prejudiced by the trial court's decision not to allow an amended answer. The garnishee suffered a judgment in excess of $7000 against it. If the amended answer had been allowed, it would have allowed the garnishee, if it so desired, to present evidence in mitigation or complete defense to the writ of garnishment (i.e., that the defendant breached the contracts that were the basis of the debt owed by the garnishee to the defendant and that the damages to the garnishee resulting from the defendant's breach exceeded the amount the garnishee owed on the contract). Therefore, the trial court's refusal to grant the garnishee's motion ore tenus for leave to amend the answer to the writ of garnishment was an abuse of discretion.
Accordingly, the final judgment is vacated and set aside and the cause is reversed and remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
OWEN, C.J., and WALDEN and CROSS, JJ., concur.