386 So.2d 806 (1980)
Edward SOKOLSKY, Appellant,
v.
Audrey M. KUHN, F/K/a Audrey M. Sokolsky, Appellee.
No. PP-118.
District Court of Appeal of Florida, First District.
June 9, 1980.
Rehearing Denied August 15, 1980.
*807 Edward Sokolsky, in pro. per.
Tyrie A. Boyer of Boyer, Tanzler, Blackburn & Boyer, Jacksonville, for appellant.
Elliot Zisser of Zisser, Robison & Spohrer, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a judgment which established a foreign divorce decree as a Florida judgment, determined that appellant was in arrears in child support, and authorized garnishment of 25% of appellant's wages, plus deposition costs. Appellant alleges, among other points, that garnishment was inappropriate since the children for whom the support was intended have reached the age of majority and no further support obligation exists. Appellant also alleges that deposition costs were improperly awarded and that the garnishment allowed exceeds the amount permissible.
Wages due for the personal labor or services of a person who is the head of a family residing in this state are generally exempt from garnishment. § 222.11, Florida Statutes. However, such monies may be garnished "to enforce the orders of the court of this state for alimony, suit money, or child support, or other orders in proceedings for dissolution, alimony, or child support... ." Hall v. Air Force Finance Center, 344 So.2d 1340 (Fla. 1st DCA 1977); § 61.12(1), Florida Statutes. Although the support arrearages owed in the present case were reduced to judgment at a time when the support obligation had terminated due to the children's majority, § 61.12 is nevertheless applicable, and removes the § 222.11 garnishment exemption, since the proceeding remained essentially one for child support. This case is unlike Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970), cert. denied, 247 So.2d 437 (Fla. 1971), which involved the "extraordinary remedy of contempt," rather than the monetary remedy of garnishment. Appellant presents no other compelling reason or authority for construing the statute to make totally ineffective its stated exception to wage garnishment exemption whenever payment of child support obligations can be avoided for the period of minority.
Appellant filed a § 222.12, Florida Statutes, affidavit claiming the § 222.11 garnishment exemption, and alleges that since no controverting affidavit was filed the court was without authority to enter a judgment of garnishment. Miami Herald Publishing Co. v. Payne, 358 So.2d 541 (Fla. 1978), is cited in support of his position. However, failure to file a controverting affidavit merely operates as an admission of the facts alleged in the § 222.12 affidavit, and neither § 222.12 nor Miami Herald precludes the court's consideration of whether § 61.12 supersedes § 222.11 as a matter of law in these circumstances.
Although we conclude that garnishment was appropriate, we find that the court below erred in authorizing garnishment of 25% of wages which represent the appellant's gross earnings. 15 U.S.C. § 1673 preempts any inconsistent provision in the state law and limits and permissible garnishment in this case to 25% of disposable earnings. Phillips v. General Finance Corp. of Florida, 297 So.2d 6 (Fla. 1974). Although the garnishee's answer did not indicate the amount of disposable (or aftertaxes) earnings, the answer did clearly reveal that the stated amount of wages represented gross earnings, and the court below was obligated to conduct a further inquiry as to this issue, under its authority pursuant to § 77.07 and § 77.083, Florida Statutes.
Appellant has also presented other issues which we feel do not merit discussion and raise no points of reversible error, except *808 insofar as the garnishment of deposition costs exceeds the 25% of disposable earnings limitation of 15 U.S.C. § 1673.
Accordingly, the order appealed is affirmed in part, reversed in part, and remanded for further proceedings.
McCORD and LARRY G. SMITH, JJ., concur.

ON PETITION FOR REHEARING
WENTWORTH, Judge.
Petitioner (appellant) correctly notes that the opinion in this case should reflect that appellee had obtained two judgments in Florida. The initial judgment established a foreign divorce decree as a Florida judgment and determined support arrearages. That judgment was not appealed. The appeal was from the subsequent judgment authorizing garnishment to collect the debt for support arrearages. Although the support arrearages had been reduced to a money judgment, our conclusion was that this fact did not alter the essential character of the order as one rendered in a proceeding determining child support arrearages. Garnishment is an appropriate remedy to enforce such an order. § 61.12(1), Florida Statutes. See also Schwarz v. Waddell (Fla. 4th DCA 1980), Case No. 79-1855, filed after this court's decision herein and concluding contrary to our construction of § 222.12, Florida Statutes, in paragraph three of the opinion.
The petition for rehearing is denied.
McCORD and LARRY G. SMITH, JJ., concur.