RYDER, Chief Judge.
The defendant/debtor, pro se, petitioned for a writ of certiorari to review a final order on a garnishor’s motion for writ of garnishment.
The petitioner should have appealed the trial court’s order which ordered the garnishor to recover $429.94 from the garnishee. Section 77.081, Florida Statutes *630 (1983), refers to a default judgment against a garnishee as a final judgment. Section 77.083 provides for judgment to be entered against the garnishee after his answer or after trial. Section 77.27 provides that the plaintiff must pay the attorney’s fee before he can take an appeal where the writ is dismissed or where the plaintiff failed to sustain his claim. Although chapter 77 does not specifically address situations where a debtor wishes to challenge the judgment on the action between the gar-nishor and the garnishee, the debtor has an interest in the action and is entitled to appeal that judgment. See International Travel Card, Inc. v. R.C. Hasler, Inc., 411 So.2d 215, 216 (Fla. 1st DCA 1982). However, we treat this case as an appeal of the final judgment and affirm. See State v. Johnson, 306 So.2d 102, 103 (Fla.1974).
Section 222.12, Florida Statutes (1983), provides for an exemption from attachment for money due for labor and services where a person (1) makes an oath before the officer who issued the process; (2) that the money attached is due for personal labor and services; and (3) that he is the head of a family. The party who sued out the process must then deny these allegations under oath within two days after service of the notice or the process is returned and all proceedings cease.
In petitioner’s July 1984 affidavit for dissolution of writ of garnishment, he alleged that the money owed him from the garnishee was for personal services, wages and commissions. He did not allege that he was the head of a family, nor is there any evidence that he made this allegation under oath before the officer who issued the writ of garnishment. Petitioner included an “Affidavit in Support of Petition for Writ of Certiorari and Exemption” with his petition for certiorari, in which he cites, inter alia, section 222.12, Florida Statutes, for authority. Once again, there is no evidence that petitioner presented these allegations under oath to the officer who issued the process. Neither affidavit fulfilled the statutory requirements of section 222.12 for claiming an exemption.
The court found that the garnishee was indebted to appellant in the amount of $1,719.77 and that 25% of that amount, $429.94, was subject to garnishment under 15 U.S.C.A. § 1673(a)(1). The court did not err, therefore, we affirm.
GRIMES, J., and BOARDMAN, EDWARD F. (Ret.), J., concur.