GARRETT, Judge.
Appellants seek review of the final judgment[1] entered after the hearing on appel-lee’s motion to enforce a continuing writ of garnishment. We reverse.
The parties got divorced in 1978. Ten years later, in an attempt to obtain payment of several orders and a judgment from the divorce proceedings, appellee, the former wife, filed a motion for a continuing writ of garnishment, pursuant to section 77.0305, Florida Statutes (Supp.1988). Appellant, Joseph Vetrick, the former husband, with his response to the motion, filed an affidavit which claimed that he was the head of a family. The former wife never filed a denial to the facts in the affidavit. Appellant, Raymond and Dillon, P.C. (Raymond and Dillon), the garnishee, filed an *845 answer to the motion which admitted that they employed the former husband as an attorney and listed his salary and deductions. The continuing writ issued, but Raymond and Dillon failed to surrender any part of the former husband’s salary. Ap-pellee then filed a motion to enforce the writ of garnishment and the trial court entered the appealed final judgment against Raymond and Dillon.
Section 222.11, Florida Statutes
This section exempts the wages of the head of a family from a writ of garnishment.
Section 61.12(1), Florida Statutes
This section does not provide for continuing writs of garnishment.
Section 61.12(2), Florida Statutes
This section provides for continuing writs of garnishment, but only for orders that involve child support or periodic alimony. None of the orders of this appeal involve child support or periodic alimony. The language of this section creates an exception to the section 222.11 head of the family exemption:
The provisions of chapter 77, or any other provision of law to the contrary notwithstanding, ....
Section 77.0305, Florida Statutes
This recently enacted section provides for continuing writs of garnishment against wages and salaries, but only for judgments. The language of this section does not create an exception to the head of the family exemption:
Notwithstanding any other provision of this chapter,....
(Emphasis added.)
The former wife could not obtain a continuing writ for any of the orders. Her continuing writ for the judgment is statutorily authorized, but that writ is subject to the head of the family exemption. Therefore, when the former wife failed to deny the former husband’s head of a family affidavit within two days after his notice was served upon her, the continuing writ should have been returned to her and all garnishment proceedings should have ceased. § 222.12, Fla.Stat. (1989).
Accordingly, we reverse the final judgment and remand for further proceedings consistent with this opinion.
DOWNEY, J., and McNULTY, JOSEPH P., Associate Judge, concur.

. Although appellant, Joseph Vetrick, did not appeal the trial court's order granting the continuing writ of garnishment, the final judgment on appeal contains a finding by the trial court that the writ was "duly issued." We address the validity of the writ because the parties only briefed that issue.