COPE, Judge.
The question presented for review is the effective date of section 222.21, Florida Statutes (1989), which exempts retirement and profit sharing plans from the claims of creditors. We conclude that the trial court correctly interpreted the statute and affirm the order under review.
In 1987 the legislature enacted section 222.21, Florida Statutes. Ch. 87-375, § 1, Laws of Fla. With an exception not applicable here, the statute provides that “any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under s. 401(a), s. 403(a), s. 403(b), s. 408, or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.” § 222.21(2)(a), Fla.Stat. (1989) (emphasis added). The enactment also states, “The provisions of paragraphs (a) and (b) apply to any proceeding that is filed on or after October 1, 1987.” Id. § 222.21(2)(c) (emphasis added).
In the present case appellant Allan R. Dunn, M.D., brought suit on July 20, 1987 to collect fees owed for medical services rendered to his patient, appellee Irma Dos-kocz. In 1991 judgment was entered in the doctor’s favor.
During discovery in aid of execution, the doctor learned that the patient had individual retirement accounts (“IRA”) in her name within this jurisdiction. The doctor then moved for issuance of writs of garnishment against the IRA accounts. The trial court concluded that the patient’s IRA’s were entitled to the protection of section 222.21 and denied the motion for issuance of writs of garnishment. This appeal followed.
The doctor contends that the patient’s IRA’s are not protected by section 222.21. The text of the statute provides that the exemption will apply to “any proceeding that is filed on or after October 1, 1987.” Id. § 221.21(2)(c). The doctor asserts that his lawsuit was a “proceeding” and was filed before October 1, 1987. He urges that the exemption does not apply to his claim and that he may garnish the IRA’s.
In our view that interpretation is incorrect. First, as a textual matter, section 222.21 deals with creditor’s remedies, including garnishment. The most logical reading of the statute is that the phrase “any proceeding” means, in this context, the garnishment proceeding.[1]
Second, the terms of the statute must be interpreted in light of its intended aim. See Tampa-Hillsborough County Expressway Authority v. K.E. Morris Alignment Service, Inc., 444 So.2d 926, 929 (Fla.1983). Here, the purpose of the statute is to confer on retirement plans a broad exemption from the claims of creditors.[2] In keeping with that purpose, exceptions to the rule of exemption should be narrowly limited. So construed, the effective date provision means only that if a garnishment proceeding was pending before October 1, 1987, the garnishment could be litigated to conclusion. For garnishment or similar proceedings instituted on or after October 1, 1987, the statutory exemption from claims of creditors will apply.[3]
*523 Third, where a Florida statute is patterned after a statute of another state, we may look to the judicial interpretation of the other state as persuasive authority in interpreting the Florida statute. See State v. Aiuppa, 298 So.2d 391, 394 (Fla.1974); Flammer v. Patton, 245 So.2d 854, 858-59 (Fla.1971). Here, the Florida statute was patterned primarily after a Kansas statute. Boggs & Barber, New Florida Statute Protects Retirement Plan Assets from Claims of Creditors, 61 Fla. Bar J. 51-52 (Nov.1987). For purposes of a post-judgment garnishment proceeding, the Kansas Supreme Court has interpreted “any proceeding” to refer to the date the garnishment proceeding was filed. Bartlett Cooperative Ass’n v. Patton, 239 Kan. 628, 722 P.2d 551, 556 (1986).[4]
In the present case the post-judgment garnishment proceeding was initiated long after October 1, 1987. The trial court correctly denied relief.
Affirmed.

. Indeed, the proceeding filed prior to October 1, 1987 was the civil suit which has been concluded by final judgment.

. It appears the legislature has made the policy decision that it should protect the assets of IRA's and pension plans, thereby promoting the financial independence of IRA and pension plan beneficiaries in their retirement years — in turn reducing the incidence and amount of requests for public financial assistance.

.If the view advanced by the doctor were accepted, section 222.21 would be unavailable for all civil actions filed prior to October 1, 1987, including (presumably) cases which have gone to final judgment. Under that view, such retirement accounts would be vulnerable to garnishment literally for years, throughout the lifetime *523 of the judgment — even if the accounts were created after the civil action was filed and after judgment was entered. It is abundantly clear that the legislature sought to protect these accounts, and did not intend any such result.

. By contrast, there is no sound basis on which to correlate the filing of a complaint with the question of post-judgment execution remedies. It is axiomatic that the filing of a complaint does not give the plaintiff a lien on any specific assets. See Smith v. Mones, 459 So.2d 462, 463 (Fla. 3d DCA 1984) ("There is no right accorded a plaintiff in a common law action to require a defendant to account for his goods and chattels prejudgment_”). Quite the contrary: after judgment, the judgment creditor may proceed against such assets as the judgment debtor then has, even if they were acquired by the judgment debtor after the date of the filing of the original civil action.