647 So.2d 327 (1994)
Grant L. BEARDSLEY, Appellant,
v.
ADMIRAL INSURANCE COMPANY, Appellee.
No. 94-1436.
District Court of Appeal of Florida, Third District.
December 21, 1994.
*328 Wilkins, Frohlich, Jones, Hevia, Russell & Sutter, P.A., and Phillip J. Jones, Port Charlotte, for appellant.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., and Bridget Ann Berry and Mark F. Bideau, West Palm Beach, for appellee.
Before BARKDULL, NESBITT and COPE, JJ.
COPE, Judge.
Grant L. Beardsley appeals an adverse final judgment in a garnishment proceeding. We reverse.
Appellee Admiral Insurance Company ("creditor") obtained a judgment against appellant Beardsley ("debtor") in an action on a promissory note. Creditor then served a writ of garnishment on NationsBank of Florida. The bank filed an answer stating that it had two accounts titled jointly in the name of debtor and Sue M. Beardsley.[1] The two accounts held approximately $5,000.
Debtor filed a motion to dissolve the writ of garnishment. He filed an affidavit stating that the money in the accounts was entitled to exemption under section 222.21, Florida Statutes (1993). Section 222.21 provides in part:
Money received by any debtor as pensioner of the United States within 3 months next preceding the issuing of an execution, attachment, or garnishment process may not be applied to the payment of the debts of the pensioner when it is made to appear by the affidavit of the debtor or otherwise that the pension money is necessary for the maintenance of the debtor's support or a family supported wholly or in part by the pension money.
Id. § 222.21(1).[2] Debtor stated that the funds in the accounts were retirement funds[3] received within the three preceding months and that the funds were needed for the maintenance and support of the debtor and his wife, Sue M. Beardsley. The trial court conducted a non-evidentiary hearing and denied the motion to dissolve. The debtor appealed the non-final order denying the motion to dissolve and this court affirmed without opinion. Beardsley v. Admiral Ins. Co., 634 So.2d 633 (Fla. 3d DCA 1994) (table).
After resolution of the interlocutory appeal, the debtor filed a notice for trial. The creditor filed a motion for entry of final judgment, contending that all issues in the case had been resolved by the interlocutory appeal. The trial court entered final judgment in favor of the creditor and this appeal followed.
In our view the creditor has misapprehended the effect of the interlocutory appeal *329 in this case. The debtor's non-final appeal[4] asserted that the debtor was entitled to immediate release of the funds in the accounts as a matter of law. The debtor argued that the creditor's position was insufficient as a matter of law, and that the debtor was entitled to have the writ of garnishment dissolved forthwith.
In its brief, the creditor argued that there was a factual issue regarding the exempt status of the funds in the accounts. Specifically, the creditor relied on debtor's account statements and a canceled check which made it appear that there had been a deposit or deposits into the accounts from a source other than a pension payment. The creditor also argued that if nonexempt funds are commingled with exempt funds, then the exemption is completely lost for all funds in the accounts. This court affirmed without opinion.
In our view the prior panel in this case simply concluded that there was a factual issue regarding the identity of the funds in the accounts which could not be resolved as a matter of law, but instead created a factual issue which must be set for trial. See generally § 77.07, Fla. Stat. (1993).
In construing another subdivision of section 222.21, Florida Statutes, this court has said:
[T]he terms of the statute must be interpreted in light of its intended aim. Here, the purpose of the statute is to confer on retirement plans a broad exemption from the claims of creditors.[2] In keeping with that purpose, exceptions to the rule of exemption should be narrowly limited.
[2] It appears the legislature has made the policy decision that it should protect the assets of IRA's and pension plans, thereby promoting the financial independence of IRA and pension plan beneficiaries in their retirement years  in turn reducing the incidence and amount of requests for public financial assistance.
Dunn v. Doskocz, 590 So.2d 521, 522 (Fla. 3d DCA 1991) (citations omitted).
In keeping with the principles just stated, it is not correct to say that the commingling of a non-exempt deposit with an exempt account will automatically cause the entire account to lose its exempt status.[5]
There is authority that a deposit of exempt funds in a bank does not affect a debtor's exemption, nor change the exempt character of the fund, so long as the source of the exempt funds is reasonably traceable. If it is impossible to separate out exempt from non-exempt funds, the general rule is that an exemption cannot lie.
In re Frazier, 116 B.R. 675, 678 (Bankr. W.D.Wis. 1990) (quoting 31 Am.Jur.2d Exemptions § 224 (1989)); see also In re Benjamin, 136 B.R. 574, 577 (Bankr.S.D.Fla. 1992) (tracing funds and allocating account into exempt and non-exempt shares).
We are satisfied that in affirming the interlocutory appeal, the prior panel intended only that the competing claims of the parties to this fund should proceed to a prompt trial. If the evidence shows that all of the funds in the accounts derived from an exempt source consistent with the terms of the statute, then no question of allocation will arise. If the evidence shows that there has been a commingling of exempt and non-exempt funds, then there should be an allocation if possible.
The debtor raises another point which has merit. In this case the sole judgment debtor is Grant Beardsley, not Sue Beardsley. When NationsBank filed its answer, it disclosed that both bank accounts are titled in the names of Grant Beardsley and Sue Beardsley. Under section 77.055, Florida Statutes (1993):
Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the writ, a copy of the answer, a notice, and a certificate of service. The notice shall advise the recipient that he must move to dissolve the writ within the time period set forth in s. 77.07(2) or be defaulted and that *330 he may have exemptions from the garnishment which must be asserted as a defense. The plaintiff shall serve these documents on the defendant at his last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service.
(Emphasis added). Upon receipt of the garnishee's answer, the creditor should have sent the required notice to Sue Beardsley. Id.; see also Huckabee v. PIC Investigations Corp., 262 So.2d 474 (Fla. 3d DCA 1972).
The final judgment is reversed and the cause remanded for compliance with the statutory notice requirement and for trial.
Reversed and remanded.
NOTES
[1] The bank's answer does not reveal the form of joint ownership of the accounts.
[2] The debtor also relies on section 222.11, Florida Statutes (1993), although it is not clear that the funds at issue here are covered by that section.
[3] The debtor's affidavit asserted that the funds in the accounts were proceeds from the debtor's Air Force retirement and proceeds from an annuity payable to the debtor from the United States Office of Personnel Management Retirement Operations Center.
[4] See Fla.R.App.P. 9.130(a)(3)(C)(ii).
[5] We note that the debtor contends that all of the deposits in the accounts are traceable to an exempt source. The parties have a disputed issue of fact on that point.