PER CURIAM.
TST Impresso, Inc. (TST) appeals to this Court the lower court’s final order dissolving a writ of garnishment that had been issued in its favor against Bear Communications, Inc. (Bear).
A default judgment was entered in favor of judgment creditor TST and against defendant Julio C. Remon (Remon) for $20,625.64. Remon paid a total of $15,502.27, leaving a principal amount due of $5,123.37. An additional $6,490.14 is due in interest. To secure payment of that judgment, TST served upon Bear a continuing writ of garnishment on December 12, 1996. Bear filed an answer setting out sums claimed to be owed to Re-mon. However, Remon filed a sworn statement pursuant to section 222.12, Florida Statutes, averring that he was “head of family” and that the monies attached by'virtue of the writ of garnishment were for personal labor or services within the meaning of section 222.12. TST’s sworn traverse alleged that the garnished funds were not due for personal labor or services of Remon and that Remon was not “head of family.”
TST argues that the burden rested on Re-mon to prove an entitlement to an exemption from garnishment and that he did not do so by failing to present evidence that he was the primary source of support for his wife. We disagree. We have reviewed the transcript of the relevant hearing below and find that Mr. Remon carried his burden and successfully established that he was the head of his household and provided more than one-half of his wife’s support during the relevant time period.
At the conclusion of the hearing the trial judge ruled that he was vacating the writ of garnishment without prejudice to TST to have it reattached before his successor Judge in the division. The written order entered by the judge, however, did not conform to his oral pronouncements, in that it vacated the writ with prejudice. Accordingly, we affirm the order of the trial judge vacating the writ of garnishment and remand for the entry of *1154 an order vacating the writ of garnishment without prejudice.[1]
Affirmed as modified.

. The Appellant argued to the trial court that it had been unable to fully cross-examine Mr. Re-mon due to the brief amount of time the court had allotted for the hearing. The trial judge's reasoning for vacating the writ of garnishment without prejudice was apparently a concession to the Appellant to allow for further proceedings in due course.