735 So.2d 539 (1999)
Gail HILL, Appellant,
v.
Stephen HAYWOOD, Appellee,
Access Infusion Partners Home Health, Intevenor/Appellee.
No. 98-04512.
District Court of Appeal of Florida, Second District.
May 21, 1999.
*540 Darrin R. Schutt of The Law Offices of Seeman & Schutt, P.A., Cape Coral, for Appellant.
Robert C. Hill, Jr., Fort Myers, for Appellee.
Edward H. Trent of Coffman, Coleman, Andrews & Grogan, P.A., Jacksonville, for Intevenor/Appellee.
STRINGER, Judge.
Gail Hill challenges a non-final order denying her motion to quash a writ of garnishment. Appellee, Stephen Haywood obtained the writ against Gail Hill on June 24, 1998. The writ was timely served upon Hill's employer, Access Infusion Partners Home Health (Access) on July 8, 1998. Hill later filed a motion to quash the writ. Her motion was accompanied by two affidavits, one executed by Hill herself, and one executed by her husband Thomas Hill. Because we find the affidavits sufficient to establish the head of family exemption provided by section 222.12, Florida Statutes (1997), we reverse.
Section 222.11(2)(b), Florida Statutes (1997), provides that the disposable earnings of a family head may not be garnished except by written consent. This statute defines a "head of family" as one "who provides more than one-half of the support for a child or other dependent." § 222.11(1)(c). In order to avail oneself of this exemption, one must comply with the procedural requirements of section 222.12 by serving a sworn statement upon the garnishor alleging facts which establish: a) that the money sought to be garnished is compensation for personal labor and services, and b) that the garnishee is the "head of family." The garnishor then has two days from the date of service to deny the allegations by contravening affidavit. See § 222.12; Henning v. Shafer, 465 So.2d 629 (Fla. 2d DCA 1985). Should the garnishor fail to timely file a sworn statement disputing facts alleged to support the creditor's exemption, all proceedings under the writ must cease. Id. at 629. See also Miami Herald Pub. Co. v. Payne, 358 So.2d 541, 543 (Fla.1978) (Proceedings under a writ of garnishment terminate by operation of law upon expiration of the time for filing sworn denial to debtor's exemption affidavit. Trial court is then without jurisdiction to continue proceedings under the writ); Sokolsky v. Kuhn, 386 So.2d 806, 807 (Fla. 1st DCA 1980) (Failure to file controverting affidavit operates as admission of facts alleged in debtor's affidavit which claimed garnishment exemption).
The Hills' affidavits allege that funds payable to Gail Hill from Access were for her personal labor and services. The affidavits further allege that Gail Hill's salary from Access provides for more than one-half of the financial support for the couple's two children. Haywood never denied these allegations as required by section 222.12. Therefore, the trial *541 court erred in denying Hill's motion to quash the writ.
While appellee, Access, concedes this was error, Haywood maintains the motion was properly denied because a) the Hills' affidavits did not expressly state that Gail is "head" of the Hill family, and b) the affidavits were not executed before the officer, i.e., the judge, who issued the writ. We first note that although neither affidavit uses the phrase "head of family," both allege facts which, if true, confirm Gail Hill as a "head of family" as this designation is defined in section 222.011(1)(c). Second, we can think of no reasonable rationale for requiring that the supporting affidavits be executed before the judge who issued the writ. Rather, we conclude that this language evidences the Legislature's intent to limit jurisdiction over the matter to the tribunal which issued the writ. Our conclusion is supported by accompanying language in the statute which requires that the matter be "tried by the court from which the writ or process issued" if it becomes necessary to resolve factual disputes arising from conflicting affidavits. See § 222.12.
We, therefore reverse, and remand for entry of an order quashing Haywood's writ of garnishment.
CAMPBELL, A.C.J., and NORTHCUTT, J., Concur.