737 So.2d 1136 (1999)
The CADLE COMPANY, Appellant,
v.
G & G ASSOCIATES, and Peter Grieco, Appellees.
No. 98-3897.
District Court of Appeal of Florida, Fourth District.
June 16, 1999.
Rehearing Denied July 29, 1999.
*1137 Carla L. Brown of Law Offices of Carla L. Brown, West Palm Beach, and Marc Birnbaum of Law Offices of Marc Birnbaum, P.A., Miami, for appellant.
Carl F. Schoeppl, and Norma S. Lindsey of Schoeppl & Burke, P.A., Boca Raton, for Appellee-Peter Grieco.
GROSS, J.
Appellant, The Cadle Company ("Cadle"), domesticated a Connecticut judgment against appellee Peter Grieco. On August 4, 1998, Cadle filed a motion for a continuing writ of garnishment. A circuit judge signed a continuing writ which was issued by the clerk of courts to Grieco's employer, Deloitte & Touche, on August 11, 1998.
Grieco filed an amended motion to dissolve the writ of garnishment, claiming that he was a "head of family" within the meaning of section 222.11, Florida Statutes (1997). Along with the motion, Grieco filed an affidavit sworn to before a notary public. The affidavit stated that Grieco was an employee of Deloitte & Touche; that he was paid wages for his personal labor and services; that he never consented in writing to his wages being garnished; and that he was the "head of a household" under section 222.11, since he was married to Christine Grieco and provided more than one-half of her support. The trial court granted Grieco's motion to dissolve the continuing writ of garnishment after a hearing on November 12, 1998.
The narrow issue before the court is whether Grieco's affidavit complied with section 222.12, Florida Statutes (1997), which provides:
Whenever any money or other thing due for labor or services as aforesaid is attached by such process, the person to whom the same is due and owing may make oath before the officer who issued the process that the money attached is due for the personal labor and services of such person, and she or he is the head of a family residing in said state. When such an affidavit is made, notice of same shall be forthwith given to the party, or her or his attorney, who sued out the process, and if the facts set forth in such affidavit are not denied under oath within 2 days after the service of *1138 said notice, the process shall be returned, and all proceedings under the same shall cease. If the facts stated in the affidavit are denied by the party who sued out the process within the time above set forth and under oath, then the matter shall be tried by the court from which the writ or process issued, in like manner as claims to property levied upon by writ of execution are tried, and the money or thing attached shall remain subject to the process until released by the judgment of the court which shall try the issue.
(Italics supplied).
To assert the statutory exemption, the statute indicates that the debtor "may make oath before the officer who issued the process." We do not read "may" as indicating that there is some way to raise the statutory exemption that is not set forth in the section; rather, the word "may" denotes that it is up to the debtor to inject that issue into the case. This reading is consistent with the garnishment statute, which does not require a garnishor's motion for garnishment to "negative defendant's exemptions." § 77.03, Fla. Stat. (1997). In the context of this statute, a debtor "makes oath" when he swears to the affidavit twice referred to in the second sentence of the section. This reading is in accord with other statutes making use of the locution "make oath." See §§ 205.171(3)(b), 506.03, 506.39, Fla. Stat. (1997); § 924.17, Fla. Stat. (1969).
The plain language of section 222.12 requires that the affidavit be sworn to "before the officer who issued the process." The statutory reference to "process" refers to the continuing writ of garnishment. See Space Coast Credit Union v. The First, F.A., 467 So.2d 737, 738 (Fla. 5th DCA 1985). That the continuing writ of garnishment is "process" within the meaning of section 222.12 is demonstrated by examining an identically worded predecessor to that statute. Section 5793, Compiled General Laws of Florida (1927), begins with the same language as section 222.12: "Whenever any money or other thing due for labor or services as aforesaid is attached by such process ..." The immediately preceding statute, section 5792, reads:

No writ of attachment or garnishment or other process shall issue from any of the courts of this State to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this State, when the money or other thing is due for the personal labor or services of such person.
(Italics supplied). In the 1927 version of the statute, "such process" clearly refers to the "writ of attachment or garnishment or other process" mentioned in the preceding section. Even though the statutory sections before section 222.12 have changed, the term "process" retains the same meaning it did under the earlier version of the statute.
The "officer" who issued the continuing writ of garnishment in this case was the clerk of courts.[1] For a continuing writ, the statutory term "officer" also includes the circuit judge who authorized the writ; section 77.0305, Florida Statutes (1997), provides that the "court shall issue a continuing writ of garnishment to the judgment debtor's employer." Applying such an interpretation to this case, section 222.12 required that the affidavit raising the "head of family" exemption be sworn before a clerk, deputy clerk, or a circuit judge, any of whom might be categorized as an "officer who issued the process." Because Grieco failed to file a section 222.12 affidavit that complied with the statute, it was not necessary for Cadle to file an affidavit opposing the exemption. Since Grieco failed to raise an exemption in the manner required by the statute, the trial court erred in dissolving the continuing writ.
*1139 This result is in accord with Henning v. Shafer, 465 So.2d 629 (Fla. 2d DCA 1985). There the debtor challenged a trial court order allowing garnishment. The second district affirmed, ruling that the debtor's section 222.12 affidavit was deficient in two respects; it failed to allege that he was the head of a family and there was no "evidence that he made this allegation under oath before the officer who issued the writ of garnishment." Id. at 630.
The third district construed a statute similar to section 222.12 in Kagan v. Blue Ocean Villas, Inc., 118 So.2d 64 (Fla. 3d DCA 1960). That case involved section 83.27(1), Florida Statutes (1959), concerning appeals in landlord-tenant proceedings, which read:
Before such appeal shall be granted, the party appealing shall make oath in writing before said judge that said appeal is taken in good faith, and not for delay, and shall * * * pay all costs incurred in the trial before said judge and in the taking of said appeal. [Emphasis supplied in Kagan]
Id. at 65. The appealing tenant in Kagan argued that an affidavit sworn to before a notary public was sufficient to comply with section 83.27(1). The third district rejected this argument, deferring to the legislature's choice of words in the statute:
[W]here a specific statutory requirement leaves little, if any, area of doubt as to the legislative intent, a contrary construction of such statute would amount to no less than legislation under the guise of judicial fiat. If the legislature had intended that the affidavit could be made by any person before any officer authorized to administer oaths, we believe that they would not have chosen the restrictive language used in this statute.
Id. at 66.
The Florida Supreme Court has enforced compliance with the plain language of statutes that have required affidavits or documents to be sworn to in order to have legal effect. For example, in State ex rel. Silverman v. Coleman, 139 Fla. 656, 190 So. 811 (1939), the court considered a constitutional and statutory requirement that a criminal information be "under oath, [and] filed by the prosecuting attorney." Id. at 812. The court ruled that "under oath" contemplates that "the jurat be made in the presence of one authorized to administer oaths, otherwise it is of no avail." Id. The court held that an unsworn information was subject to dismissal. Similarly, in Williams v. Crocker, 36 Fla. 61, 18 So. 52 (1895), the court disallowed deeds of assignment for the benefit of creditors which did not contain the form of oath required by statute:
It will be observed that none of the deeds of assignment here were accompanied by the oath of the assignors provided for in section 2 of [the assignment law, chapter 3891, Acts 1889]. This alone, we think, vitiated the deeds, and rendered them all inoperative and void as to creditors. Such provisions in laws of this character have quite uniformly been held to be, not directory merely, but mandatory, and vitiative of the assignment when not complied with.
Id. at 57 (citations omitted).
Grieco cites six cases in support of the proposition that a section 222.12 debtor's affidavit need only be made under oath, not necessarily sworn out before the officer who issued the process. See Miami Herald Publ'g Co. v. Payne, 358 So.2d 541 (Fla.1978), receded from on other grounds, Waddell v. Schwarz, 405 So.2d 978 (Fla. 1981); Vetrick v. Hollander, 566 So.2d 844 (Fla. 4th DCA 1990); TST Impresso, Inc. v. J.C. Nomer, Inc., 703 So.2d 1153 (Fla. 3d DCA 1997); Beardsley v. Admiral Ins. Co., 647 So.2d 327 (Fla. 3d DCA 1994); Reichenbach v. Chemical Bank of New Jersey, 623 So.2d 577 (Fla. 3d DCA 1993); Elvine v. Public Fin. Co., 196 So.2d 25 (Fla. 3d DCA 1967). However, these cases do not expressly rule on the issue of the *1140 identity of the person who must administer the oath for the debtor's affidavit under section 222.12.
For example, Miami Herald states only that the debtor "filed a verified affidavit to establish his exemption as a resident head of a household" pursuant to "the garnishment exemption statute." 358 So.2d at 542. The opinion does not indicate whether or not the affidavit was sworn to before "the officer who issued the process." Similarly, in Vetrick this court noted that the appellant "filed an affidavit which claimed that he was the head of a family" without addressing any attack on the sufficiency of the affidavit. 566 So.2d at 844. Defects in the form of the debtor's affidavit can be waived if not timely raised in the trial court. The cases Grieco relies upon do not decide the narrow legal point at issue in this case.
Grieco also relies on authority that section 222.12 "must be strictly construed in favor of the debtor." Miami Herald, 358 So.2d at 543; Wolf v. Commander, 137 Fla. 313, 188 So. 83 (1939); Patten Package Co. v. Houser, 102 Fla. 603, 136 So. 353 (1931). However, that rule of construction is not a license for a court to rewrite a statute and impose in garnishment proceedings its own view of the most expedient procedure. See Kagan, 118 So.2d at 66. Garnishment is a remedy "of purely statutory creation and existence." Tyler v. Akerman, 85 Fla. 485, 96 So. 838, 839 (1923) (West, J., concurring specially) (quoting Porter & Blair Hardware Co. v. Perdue, 105 Ala. 293, 16 So. 713 (1894)). For that reason, the procedure established by the legislature in the garnishment statute is entitled to great deference from the courts. See Florida Power & Light Co. v. Crabtree Constr. Co., 283 So.2d 570, 572 (Fla. 4th DCA 1973).
A more potent reason exists for rejecting Grieco's claim that an affidavit before a notary public complies with section 222.12. Section 92.50(1), Florida Statutes (1997), provides the general authority for a notary public to administer oaths or take affidavits in the state.[2] Exceptions to this broad grant of authority are "oaths, affidavits and acknowledgments as are required by law to be taken or administered by or before particular officers." Id. The section 222.12 debtor's affidavit falls within this exception, in its requirement that the debtor "make oath before the officer who issued the process." There is thus no statutory basis for allowing an affidavit sworn to before a notary to satisfy section 222.12.
We reject Cadle's alternative argument for reversing the dismissalthat the section 222.12 exemption does not apply to certain categories of monies garnished from Deloitte & Touche, whose answer to the writ disclosed funds consisting of draws, expense reimbursement, and capital account disbursements, in addition to salary. Cadle caused a continuing writ of garnishment to issue.[3] Such a writ applies *1141 only to "salary or wages." § 77.0305, Fla. Stat. (1997). Even if Cadle is correct in its argument that such monies identified in the employer's answer do not qualify as salary or wages, such funds would not be garnishable by the form of writ it utilized in this case.
The order dissolving the continuing writ of garnishment is reversed and the case is remanded to the trial court.
We certify conflict with the recent case of Hill v. Haywood, 735 So.2d 539, 24 Fla. L. Weekly D1232 (Fla. 2d DCA May 21, 1999).
STONE, C.J., and STEVENSON, J., concur.
NOTES
[1] Form 1.907(b), Florida Rules of Civil Procedure, indicates that the clerk of court or deputy is authorized to sign a continuing writ.
[2] Section 92.50(1), Florida Statutes (1997), provides:

IN THIS STATE.Oaths, affidavits, and acknowledgments required or authorized under the laws of this state (except oaths to jurors and witnesses in court and such other oaths, affidavits and acknowledgments as are required by law to be taken or administered by or before particular officers) may be taken or administered by or before any judge, clerk, or deputy clerk of any court of record within this state, including federal courts, or before any United States commissioner or any notary public within this state. The jurat, or certificate of proof or acknowledgment, shall be authenticated by the signature and official seal of such officer or person taking or administering the same; however, when taken or administered before any judge, clerk, or deputy clerk of a court of record, the seal of such court may be affixed as the seal of such officer or person.
[3] Cadle did not utilize Form 1.907(b), Florida Rules of Civil Procedure in preparing the continuing writ. However, the writ was labeled a "continuing writ of garnishment" and indicated that it was "for the periodic payment of a portion of the salary or wages of the Defendant Peter Grieco [sic] as the salary or wages becomes due." On appeal, Cadle has characterized the writ as a continuing writ.