PER CURIAM.
F. Daniel Bennett (“Bennett”) appeals from an order denying his claim of exemption and a final judgment in garnishment. We reverse.
The Society of Lloyds (“Lloyds”) obtained a judgment against Bennett. Thereafter, Lloyds sought to satisfy the judgment through garnishment proceedings. The trial court issued a post-judgment writ of garnishment directed to Regions Bank where Bennett maintained two accounts.
Subsequently, Bennett filed a claim of exemption, alleging that the bank accounts contained his direct deposited Social Security benefits, which are exempt from garnishment. Bennett attached a bank trans *569 action history showing several deposits, including the Social Security benefits. Bennett requested a hearing on his claim of exemption. Due to a death in his family, Bennett failed to appear for the scheduled hearing.
The trial court denied the claim of exemption without prejudice, allowing Bennett ten days to file a motion for rehearing showing “a meritorious substantive defense.” Bennett, who is a pro se litigant, filed a motion for rehearing addressing only the reason for his failure to appear at the hearing. The trial court denied the motion for rehearing and later entered a final judgment in garnishment.
On appeal, Bennett asserts that the trial court erred in ruling on his claim of exemption without a hearing. Lloyds, on the other hands, contends the trial court properly ruled based on the bank transaction history, showing a commingling of exempt and non-exempt funds. We agree with Bennett.
In Beardsley v. Admiral Insurance Co., 647 So.2d 327, 329 (Fla. 3d DCA 1994), this Court stated “it is not correct to say that the commingling of a nonexempt deposit with an exempt account will automatically cause the entire account to lose its exempt status.” Instead, the Court held that in these circumstances, if possible, the trial court should make an allocation between exempt and non-exempt funds.
Here, the trial court did not attempt to allocate between the exempt and nonexempt funds. Consistent with Beardsley, we, therefore, reverse and remand for an evidentiary hearing giving Bennett an opportunity, if possible, to prove the source of funds in the bank accounts. The trial court then can determine which funds in the bank accounts are exempt from garnishment.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded with instructions.