FORST, J.
Appellants Charles Kane and Harley Kane (“the Kanes”), both attorneys, were accused of impropriety in settling a number of lawsuits. See Kane v. Stewart Tilghman Fox & Bianchi, P.A., 85 So.3d 1112 (Fla. 4th DCA 2012). After prevailing in a non-jury trial, Appellees Stewart Tilghman Fox & Bianchi, P.A., William C. Hearon, P.A., and Todd S. Stewart, P.A., obtained a substantial judgment against the Kanes. The Appellees subsequently sought to garnish payments from the Kanes’ law firm, Appellant Kane & Kane, P.A. (“the firm”), to satisfy the judgment, filing two writs of garnishment. The trial court denied the Appellants’ motion to dissolve the second writ of garnishment and entered a final judgment of garnishment. On appeal, the Appellants argue, inter alia, that the second writ was improper after the expiration of the first and that the monies flowing from the firm to the Kanes were not garnishable. We disagree and affirm with respect to all of the Appellants’ challenges to the trial court’s decision, specifically addressing two of the issues raised by the Appellants on appeal.
Background
As noted above, the Appellees (three law firms) obtained a substantial monetary judgment (approximately $2 million) against Charles and Harley Kane. After the Appellants’ attempts to discharge the debt in bankruptcy failed, the Appellants formed a new law practice, Kane & Kane, P.A.
In March 2013, the Appellees obtained a writ of garnishment, seeking any funds held by the firm that were owed to the Kanes. Charles and Harley Kane each filed a claim of exemption as the heads of their respective families.[1] When the Ap-pellees failed to file a sworn denial to the exemption, the writ of garnishment was automatically dissolved.
In July 2013, the Appellees moved for a second writ of garnishment, again seeking monies held by the firm. The writ was issued to the firm and the Kanes again claimed head-of-household exemptions. *139 This time, however, the Appellees filed sworn denials of the exemptions. The firm admitted it owed the Kanes approximately $56,000 each, but did not state the time frame in which the debt accrued. The firm additionally alleged several affirmative defenses, including res judicata, collateral estoppel, and waiver. The Appellants moved to dissolve the second writ of garnishment.
The trial court held an evidentiary hearing on the claims of exemption and the motion to dissolve the writ. At the hearing, the firm first argued that the second writ was legally precluded by the failure of the Appellees to object to the claim of exemption in the first writ. The Appellees disagreed that the automatic dissolution of the first writ was an adjudication on the merits and precluded a second writ of garnishment.
The facts elicited at the hearing indicated that the firm was created in 2009 after the Kanes’ prior firm was put into bankruptcy by the underlying case. The firm handled cases originated by the prior firm under an agreement with the bankruptcy trustee. The Kanes are the sole shareholders, officers, and directors of the firm. Their employment by the firm was governed by written “employment agreements” drafted in 2011 and negotiated between the Appellants. The employment agreements call for the Kanes to get paid every two weeks. In practice, however, the Kanes were only paid if the firm had cash on hand. If the firm lacked sufficient money to pay them, their compensation was deferred until the firm obtained its fees from one of its cases. Appellant Harley Kane testified that although his employment agreement called for him to receive a salary of $120,000 per year, he had never received that much.
The trial court denied the Appellants’ claims of exemption and motion to dissolve the writ of garnishment. The court found that the money owed to the Kanes from the firm was “the equivalent of shareholder distributions from their wholly-owned law firm” and therefore not subject to exemptions. The- trial court also found that the Appellee’s failure to deny the exemption in the first writ did not legally preclude the second writ. This appeal followed.
Analysis
A. Validity of the Second Writ
“Because the issue requires this Court to interpret the statutory provisions of Florida garnishment law, we apply a de novo standard of review.” Arnold, Matheny & Eagan, P.A. v. First Am. Holdings, Inc., 982 So.2d 628, 632 (Fla.2008).
Under section 77.01, Florida Statutes (2013), “[ejvery person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person.... ” However, the debtor in a garnishment proceeding can seek to avoid the garnishment. § 77.041. Wages payable to a head of household-are exempt from garnishment unless the debtor agrees in writing to allow garnishment of wages over $750 per week. § 222.11(2). Once a head of household exemption is claimed,
notice of same shall be forthwith given to the party, or her or his attorney, who sued out the process, and if the facts set forth in such .affidavit are not denied under oath within. 2 business days after the service of said notice, the process shall be returned, and all proceedings under the same shall cease.
§ 222.12, Fla. Stat. (2012) (repealed July 1, 2013); but see § 77.041(3), Fla. Stat. (2013) (“If the plaintiff or the plaintiffs attorney *140 does not file a sworn written statement that-answers the ■ defendant’s claim of exemption within 8 business days after hand delivering.the claim and request or, alternatively, 14 business' days, if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the1 writ and notify the parties of the dissolution by mail.”).
In this case, it is undisputed that the Kanes filed claims of exemption to the first writ as heads of household under section 222.11 and that the Appellees failed to deny these claims of exemption. The Appellants argue the failure of this initial writ acts as a bar oh subsequent attempts to enforce the judgment via’ garnishment. We disagree.
Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc., 121 So.3d 83 (Fla. 3d DCA 2013), addressed a similar issue. In that case, a plaintiff obtained the rights to a money judgment against the defendant. Id. at 85. The plaintiff obtained a writ of garnishment against third-party garnishees alleged to have monies owed to the defendant. Id. Two-and-a-half years later, the garnisheés moved to dissolve the writ, arguing that the writs had automatically dissolved when plaintiff failed to file a motion for final judgment within 6 months, as required by section 77.07(5), Florida Statutes (2012). Akerman, 121 So.3d at 85. The trial court dissolved the initial writs. Id. The plaintiff subsequently issued new writs of garnishment and the garnishees moved to dissolve or dismiss the new writs, arguing that the initial dissolution was “tantamount to a final judgment.” Id, at 86. The trial court agreed and dismissed the second writs, finding that allowing a second writ would “ ‘eir-cumvent[ ] the intent and meaning of § 77.07(5)’ to allow (a plaintiff/judgment creditor ... to file another subsequent writ of garnishment after a prior writ of garnishment was dissolved pursuant to § 77.07(5)[.]’” Id. (omission in original).
The Third District Court of Appeal reversed, holding that “there is no basis in the language of section 77.07(5) to support the trial court’s conclusion” that it would be thwarted by allowing 'a second writ. Id. The court held that the clear language of the statute called for the automatic dissolution of the writ, but no more, when the plaintiff failed to file for a final judgment. Id. at 87. The court further held that it could :not “conclude that the dissolution here is also tantamount to a final judgment adjudicating the merits” of the writ.- Id. (distinguishing that case from Matthews v. First Fed. Sav. & Loan of Englewood, 571 So.2d 2 (Fla. 2d DCA 1990), as the Matthews opinion failed to state why the first writ was dissolved).
We agree with the decision in Akerman and note that is it consistent with the outcome suggested by the Florida Supreme Court in Miami Herald Publishing Co. v. Payne, 358 So.2d 541 (Fla.1978). In Payne, a husband owed his ex-wife’s attorney fees from the attorney’s representation in. the husband’s and wife’s divorce. Id. at 542. The attorney sought to garnish the husband’s earnings, but the husband’s employer asserted that the husband was entitled to a head of household exemption. Id. The wife and the attorney failed to file a legally sufficient denial of the exemption. Id. Although the court’s holding that a sworn denial was required was later overturned in Waddell v. Schwarz, 405 So.2d 978 (Fla.1981), the court’s suggestion that “[i]t may be that [wifej’s attorney will be required to seek successive writs of- garnishment against [the husbandj’s credi1 tors” implies’ that the failure to file a sworn denial does not preclude a later writ of garnishment after the initial garnishment action “was tenninated by operation of law when [the attorney] failed to comply *141 with the statutory directive for defeating a debtor’s garnishment exemption.” Payne, 358 So.2d at 543.
We recognize that the Appellants have cited cases which point in .the opposite direction. However, these cases are distinguishable and, to the extent that they address the issue here, we believe they demonstrate faulty' reasoning. For instance, the Appellants rely on Hill v. Haywood, 735 So.2d 539 (Fla. 2d DCA 1999). In that case, a judgment creditor obtained a writ of garnishment against a judgment debtor. Id. at 540. The debtor filed affidavits supporting her claim of exemption as head of household. Id. The trial court refused to quash the writ, but the Second District Court of Appeal reversed, noting that “[sjhould the garnishor fail to timely file a sworn statement disputing facts alleged to support the creditor’s exemption, all proceedings under the writ must cease.” Id,
However, this statement;of the law regarding the termination of that specific unit is undisputed. The point that the Appellants attempt to draw from Hill for the purposes of preventing future writs (“[failure to file controverting affidavit operates as admission • of facts alleged in debtor’s affidavit which claimed garnishment exemption”) is not a statement by the Hill court at all,, but is actually found in in a parenthetical describing the holding of another case, Sokolsky v. Kuhn, (Sokolsky I), 386 So.2d 806 (Fla. 1st DCA 1980). Sokolsky I does indeed make that point of law. Id. at 807., However, Sokolsky I does not cite any support for that proposition and was overturned by Sokolsky v. Kuhn (Sokolsky II), 405 So.2d 975, 978 (Fla.1981), albeit for reasons unrelated to that specific point. To the extent the point from Sokolsky I stands, it appears to be contrary to the holding of Akerman and the implication of Payne, The Appellants’ other cases relying on Hill are likewise distinguishable.
The failure to file a sworn denial of a claim of exemption to a writ for garnishment does not operate as an adjudication on the merits of the exemption issue. Like the Third District in Akerman, we look to the language of the statute at issue. The language of section 222.12, like that of section 77.07(5) (at issue in Akerman), does not provide a basis to conclude that the Legislature intended the failure of a creditor to deny an exemption with respect to one writ of garnishment to operate as a bar on future writs.[2] This would be a particularly harsh result where the denial must be sworn and made in a very short time frame. Accordingly, we affirm the trial court’s determination that the second writ was allowed by law.
B. Status of Monies held by the Firm for the Appellants
The classification of monies sought in a garnishment proceeding “is a question of statutory interpretation that is reviewed de novo.” Baker v. Storfer, 51 So.3d 652, 653 (Fla. 4th DCA 2011).
The party seeking an exemption from garnishment has the burden of proving, entitlement to the exemption. Cadle Co. v. G & G Assocs., 757 So.2d 1278, 1279 (Fla. 4th DCA 2000). Under section 222.11(2), “disposable earnings of a head of family” under $750 per week, are exempt from garnishment, while disposable earnings over $750 per week are exempt unless the debtor agrees to garnishment. The statute defines “earnings” to include “com *142 pensation paid or payable, in money of a sum certain, for personal services or labor whether denominated as wages, salary, commission, or bonus.” § 222.11(a).
The issue in this case is whether the payments flowing from the firm to the Kanes are exemptible wages or salary, or some other form of compensation. “To decide whether monies from employment qualify for the section 222.11(2)(b) exemption, the relevant inquiry is often whether a person’s employment is a salaried job or is in the nature of running a business.” Brock v. Westport Recovery Corp., 832 So.2d 209, 211 (Fla. 4th DCA 2002).
Courts have looked to a number of factors when determining if payments are salary/wages or actually come from the running of the business, including how the debtor defines the payments. Id. at 212 (noting that the debtor “characterized his earnings as disbursements from profits”). However, this self-determination is not dis-positive. “A debtor that owns or controls a business cannot exempt the funds he distributes to himself from the business simply by calling the distributions wages.” In re Harrison, 216 B.R. 451, 454 (Bankr.S.D.Fla.1997); see also 13 Fla. JuR. 2d Creditors’Rights § 12.
Establishing that the debtor receives “regular compensation dictated by the terms of an arms-length employment agreement” is a factor favoring a finding that the payments are exemptible wages. Brock, 832 So.2d at 212 (quoting In re Manning, 163 B.R. 380, 382 (Bankr.S.D.Fla.1994)); see also Harrison, 216 B.R. at 454 (same). Courts are more likely to find income to be wages where the debtor has less control “over the amount of his compensation and the terms of his employment,” Brock, 832 So.2d at 212, including whether the debtor was able to be fired. Manning, 163 B.R. at 382 (finding that income was not exemptible where, “[a]s a practical matter,” the debtor was not subject to firing where his wife was sole owner of corporation and the debtor “sometimes did not take the salary if [the business] was running low on cash”); see also In re Im, 495 B.R. 46, 51 (Bankr.M.D.Fla.2013) (“Florida courts have held, in essence, that where the debtor controls the timing and amount of distributions from a family owned business, those distributions do not qualify as ‘earnings’ for purposes of Fla[.] Stat. § 222.11.” (quoting In re McDermott, 2011 WL 740727, at *2 (Bankr.M.D.Fla.2011))).
In this case, the Kanes operated under contracts that were negotiated only between themselves. They controlled the firm, were not able to be terminated except by themselves, and were not paid in accordance with their purported contracts, but rather received payment when the firm could afford to do so. One Appellant testified that since the contracts were formed, he had yet to receive the amounts of money the contract promised. These facts lead to the conclusion that the payments flowing from the firm to the Kanes were not salary, in the ordinary sense of the word, but were actually akin to shareholder distributions that were outside the scope of the exemption found in section 222.11. Therefore, we agree with the trial court and hold that these funds were not exempt from garnishment.
Conclusion
For the foregoing reasons, we affirm the trial court’s decision allowing the entry of a second writ of garnishment and finding that the monies owed to the Kanes from the fern were not exempt.

Affirmed.

DAMOORGIAN, J., and PERLMAN, SANDRA, Associate Judge, concur.

. "Disposable earnings of a head of a family, which are greater than $750 a week, may not be attached or garnished unless such person has agreed otherwise in writing.’’ § 222.11(2)(b), Fla. Stat. (2012). " ‘Head of Family’ includes any natural person who is providing more than one-half of the support for a child or other dependent.” § 222.11(l)(c).

. The situation before us- presents a case where the first writ of garnishment was automatically dissolved, and there was no adjudication on the merits. Res judicata and similar defenses may apply to other cases wherein a second writ of garnishment was filed after an adjudication on the merits of a first writ.